ELIZABETH H. HOOTON, Respondent, *v.* SARAH A. RANSOM ET AL., Appellants.

$\begin{array}{cc} 6 & 19 \\ 35 & 204 \end{array}$

### May 7, 1878.

1. The contract of a married woman is not a nullity though it cannot be enforced at law; during coverture, equity lends its processes to enforce it only because it cannot otherwise be enforced, and when the occasion for the interposition of a court of equity ceases the equitable remedy cannot be invoked.

2. Where a promissory note is executed by a married woman and her husband, a court of equity has, after she becomes discovert, no jurisdiction of a proceeding to subject her separate property to the payment of the note. The remedy is at law.

3. The mere contract of a married woman creates no lien or charge upon her separate estate. But a married woman is considered as a *feme sole* by reason of her separate property, and that property may be resorted to to discharge her obligations, whether written or not, by way of remedy.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

MARSHALL & BARCLAY, for appellants: Where a married woman having a separate estate has during coverture made a contract binding thereon, and afterwards becomes discovert, a proceeding in equity to charge that estate cannot be maintained. The remedy is at law. — *King* v. *Miltalberger*, 50 Mo. 182; *Roberts* v. *Mosely*, 50 Mo. 182; *Shattock* v. *Shattock*, L. R. 2 Eq. 182. The note created no lien upon the separate estate. — *Kimm* v. *Weippert*, 46 Mo. 532; *Maguire* v. *Maguire*, 3 Mo. App. 458.

M. L. GRAY and J. M. HOLMES, for respondent: The note of a married woman is a charge upon her separate estate. Her note is absolutely void in law but is good in equity, not *in personam* but *in rem*, as a charge upon her separate estate. — *Coats* v. *Robinson*, 10 Mo. 757; *Whitesides* v. *Cannon*, 23 Mo. 457; *Claflin* v. *Van Wagoner*, 32 Mo. 252; *Schafroth* v. *Ambs*, 46 Mo. 114; *Kimm* v. *Weippert*, 46 Mo. 532.

HAYDEN, J., delivered the opinion of the court

This is a suit in equity to charge real estate of the appellant, held by a trustee to her separate use, with the payment of a note signed by herself and her husband during coverture. The note was a negotiable note, in ordinary form except that it was payable one day after date. It was indorsed without recourse to the respondent. The petition alleged that before the bringing of this suit the appellant was divorced from her husband, assumed her maiden name, " and is now a *feme sole.*" The answer is a general denial. The appellant demanded a jury, which was refused, and the court, upon the evidence afforded by the note, entered a special judgment against the property.

It is contended that a court of equity had no jurisdiction of the case; that under the decision of the Supreme Court of this State in *King* v. *Miltalberger*, 50 Mo. 182, the

respondent should have sued at law. Without reference to the grounds on which the decision was there put, we think it clear that an action at law, and not in equity, is here the proper remedy. The general rule is, that if the remedy is plain and adequate at law, equity is not to be resorted to. Equity lends its peculiar processes only where the legal remedy fails, or is for some reason insufficient. At law the contract of a married woman, whether she has property or not, cannot be enforced. It is indeed not exact to say, as is continually said, that at law the contracts of a married woman are absolutely void, — that they are mere nullities. Even where a married woman has no separate estate, not only is effect sometimes given, both at law and in equity, to her contracts, but under certain circumstances they may, both in her favor and against her, create obligations. *Dameron* v. *Jamison*, 4 Mo. App. 299 ; *Glass* v. *Warwick*, 40 Pa. St. 140 ; 2 Roper on Husb. & Wife, *109. In early cases, English courts, while pronouncing such contracts "void," proceeded to enforce them under certain circumstances (*Norton* v. *Turvill*, 2 P. Wms. 144 ; *Stanford* v. *Marshall*, 2 Atk. 69) ; while in the most recent English cases it is said that though the married woman may not make a contract, she may make an "engagement." See English cases *infra*, and Pollock on Con. (ed. 1876) 64, 70.

But coverture creates a disability at law ; and where the married woman has separate property out of which an obligation can be enforced, equity, during coverture, affixes to the woman the *status* of a *feme sole*, and lends its process, that there may be some remedy and that the property may not be beyond all juridical reach. But the occasion ceasing, there is no propriety in resorting to the extraordinary remedy. Indeed, on principle it cannot be resorted to. The settlement is during coverture ; when the woman is discovert, the separate estate ceases. Thus, if during coverture she has no power of alienation by the

terms of the trust, upon the coverture ceasing, her power
to alienate arises.    As was said by Judge Leonard in *White-
sides* v. *Cannon*, 23 Mo. 467, quoting from the Master of
the Rolls in *Tullett* v. *Armstrong*, 1 Beav. 33, "Whilst the
woman is discovert, the separate estate, whether modified
by restraint or not, is suspended and has no operation,
though it is capable of arising upon the happening of a
marriage." See *Roberts* v. *Mosely*, 51 Mo. 286. So the
power of alienation remains, independently of debts con-
tracted if not sued on.    *Johnson* v. *Gallagher*, *infra*.

The position taken that the contract creates a lien on
the wife's separate property is untenable.    This doctrine
would lead to the most mischievous consequences, and
has no support in principle.    Liens exist where there is,
or is supposed to be, some peculiar merit in the claim.
Here, though, to protect the married woman, peculiar evi-
dence is required; the nature of the contract, as such, cuts
no figure; and, as equity does not give liens where con-
tracts are made with women rather than with men, it is
difficult to see any ground for the position asserted.    The
effort of equity is to protect the woman, not to impose
additional burdens on her.    She is not, indeed, to have
property exempt from all process; and accordingly, as a
general judgment would be of no avail, equity, furnishing
one of its peculiar remedies, makes its decree efficacious by
charging her property.    As the woman is a *feme sole* by
reason of her separate property, so that property is resorted
to to discharge her obligation.    There is no necessity of
supposing any lien.    The creditor has during coverture
his equitable remedy.    When the coverture ceases, the
creditor must sue at law.

Had this suit been brought during coverture, the court
below might upon the note, though it is a simple prom-
issory note, signed by the husband and wife, without any
further writing, have properly charged the wife's separate
estate.    The cases of *Coats* v. *Robinson*, 10 Mo. 757, and

*Whitesides* v. *Cannon, supra,* have never been overruled, but, on the contrary, have recently been confirmed and undoubtedly express the law. *Metropolitan Bank* v. *Taylor*, 62 Mo. 388. Even were there any objection to the doctrine of these cases, — which there is not, since it is based upon the best authorities, and carries out elementary principles to their logical conclusions, — it would still be better to adhere to these rulings than in the uncertain way in which the English chancellors have done to vacillate from doctrine to doctrine. But even in England the notion that the execution by the married woman of a formal written instrument operates as creating a specific charge upon her separate property is now abandoned as untenable. The courts there have at length, though by a roundabout process and by giving a special signification to the word "engagement" as distinguished from "contract," reached a result which we have more directly arrived at. In *Johnson* v. *Gallagher*, 3 De G. F. &. J. 508, Lord Justice Turner laid down principles which, though they were disapproved by the Master of the Rolls in *Shattock* v. *Shattock*, L. R. 2 Eq. 182, as they have received the especial sanction of the Court of Appeal in *Picard* v. *Hine*, 5 Ch. App. 274, and of the Judicial Committee of the Privy Council in *London, etc., Bank* v. *Lemprière*, 4 Pr. C. App. 594, may now be considered as the established doctrine of English chancery on this subject. In *Johnson* v. *Gallagher*, it was declared that the married woman is in equity a *feme sole* as to her separate property; that her separate estate is liable not only for her bonds, bills, and promissory notes, but may be for her general engagements; that the doctrine that the instrument by which the debt is created operates as an execution of the power of appointment is exploded; that such instruments create no lien or charge upon the separate property, and do not take effect according to their priorities; that while the person of the married woman cannot be made liable, equity gives execution against her property

as a court of law gives execution against the property of other debtors.

The judgment of the court below is reversed and the case remanded. If the respondent desires to amend, leave should be granted; otherwise the suit should be dismissed. All the judges concur.