J. C. STALEY, Respondent, v. R. J. HOWARD ET AL., Appellants.

June 17, 1879.

1. In a proceeding to subject the separate estate of a married woman to the payment of notes executed by her, equity recognizes her obligation to pay, though execution is awarded against her property only.

2. In such a proceeding, the obligation of the sureties on an appeal bond is that the judgment shall be paid if affirmed, and if this is not done there is a breach of the bond.

3. The fact that, in case of default in payment, execution may issue against the specific property, does not alter the liability of the sureties.

4. On affirmance of the judgment appealed from, the plaintiff may proceed against the sureties without first enforcing the judgment as against the specific property described in the decree.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

S. SIMMONS, for appellants: The instruction given by the court for plaintiff is erroneous, and illegally assumes that the judgment or decree of the Circuit Court is a personal judgment against a married woman, which it is not, and if it were it would be void. — *St. Louis* v. *Bernoudy*, 43 Mo. 552 ; *Higgins* v. *Pitzer*, 49 Mo. 152 ; *Fithian* v. *Monks*, 43 Mo. 502. There was no breach of the bond. — *Jenkins* v. *Hay*, 28 Md. 547 ; *Woods* v. *Fulton*, 2 Har. &

G. 71. A bond is discharged when the performance is prevented by the obligee. — *Olive* v. *Alter*, 14 Mo. 185.

KEHR & TITTMANN, for respondent: A *feme covert*, with respect to her separate property, is regarded in a court of equity as a *feme sole*. —*Coats* v. *Robinson*, 10 Mo. 757. A *feme sole* may create debts in reference to her separate estate. —*Druhe* v. *De Lassus*, 51 Mo. 165 ; *De Baun* v. *Van Wagoner*, 56 Mo. 349. But they do not become liens until so declared in a proper proceeding. — *Nash* v. *Norment*, 5 Mo. App. 545. An appeal bond, conditioned only for " the due prosecution of appeal," binds the sureties to pay debt, damages, and costs. — *Evans* v. *Hardwick*, 1 J. J. Marsh. 436, 437 ; *Farquhar* v. *Collins*, 4 B. Mon. 448 ; *Moore* v. *Gorin*, 2 Litt. 186. The undertaking is forfeited and the liability of the sureties fixed as soon as the judgment of affirmance takes place and the debtor makes default in its payment. In an action on the bond, an allegation that the defendant in the judgment owns real estate, and that the execution was returned prematurely without attempting to make the money out of the real estate, is frivolous. — *Woods* v. *Derrickson*, 1 Hilt. 410 ; *Tissot* v. *Darling*, 9 Cal. 278 ; *Stillwell's Executor* v. *Bertrand*, 22 Ark. 379 ; *Saucer* v. *Walker*, 5 Gill & J. 102 ; *Teal* v. *Rice*, 2 Green, 444 ; *Stanley* v. *Lucas*, Wright, 34 ; *Wood* v. *Thomas*, 5 Blackf. 553.

HAYDEN, J., delivered the opinion of the court.

This is a suit against the defendants as sureties in an appeal bond the condition of which is as follows : "Now if said appellants shall prosecute their appeal with due diligence to a decision in the Supreme Court, and shall perform such judgment as shall be given by the Supreme Court, or such as the Supreme Court may direct the Circuit Court to give, and if the judgment, or any part thereof, be affirmed, will comply with and perform the same so far as it may be

affirmed, and pay all damages and costs which may be affirmed, and pay all damages and costs which may be awarded against them by the Supreme Court, then this obligation to be void," etc. The judgment from which the appeal was taken was rendered in a suit by the present plaintiff against Bridget M. Ivory, a married woman, and her trustee, and recites the execution of certain promissory notes, her equitable ownership of real estate described in the judgment, and continues : " It is therefore considered, etc., that the plaintiff recover the said sum of $1,222.65, so found as aforesaid, and that the real estate hereinbefore described be charged with payment thereof, and that in default of the payment of said sum  *  *  *  the sheriff of St. Louis County proceed to sell said real estate," etc.

Upon the execution of the bond, the appeal was allowed, and in the Supreme Court it was adjudged " that the judgment  *  *  *  be in all things affirmed, and stand in full force and effect," with costs. The plaintiff then caused execution to be issued against the real estate, and before the return-day directed the execution to be returned unsatisfied, which was done. The present suit was then brought, the breach alleged being that the defendants have not complied with or performed the judgment of the Circuit Court, and that the judgment remains unpaid. The defendants deny that there has been any breach of the bond, aver that Bridget M. Ivory and her trustee have tendered and now hold the real estate subject to the judgment and execution, and that the plaintiff refused to enforce his judgment. The court below decided against the defendants, and they have appealed.

It is contended that the present decision against the defendants assumes that the judgment appealed from was against the married woman, when in fact there was and could be no such judgment ; that neither the married woman nor her trustee were liable, under the judgment appealed from, to pay the money either before or after its affirmance,

and that the specific real property was alone liable to pay it ; that the sureties in the appeal bond stand in no worse position than the married woman and her trustee, and therefore cannot be made to pay the money.

The general question here involved was considered not long since by this court, in the light of the decisions of this State and also of the recent English decisions. *Hooton* v. *Ransom*, 6 Mo. App. 19. The difference between the obligation of the married woman and the mere process which equity, while the coverture continues, affords to the creditor, was there dwelt upon. This distinction is applicable here. The judgment appealed from was merely the conclusion of the law upon given facts, and what that judgment means depends upon the cause of action. It would be a contradiction to say that in the eye of equity a married woman having a separate estate is a *feme sole* as to given contracts or engagements, and then to say that equity will not recognize any duty or obligation in the married woman to perform those engagements. It is by reason of her obligation to pay her debts contracted by her as a *feme sole* that equity allows her to be sued. It is as a penalty for her refusal to pay that the compulsion of the law is brought to bear upon her. The particular form which that compulsion takes, whether operating directly upon her, or indirectly upon her through her property, relates merely to the matter of legal procedure. For certain reasons, growing out of the forms of the common law, a judgment directly against a married woman is not, in general, permitted ; though there are exceptions to this rule, and the common law, in certain cases, allows both a judgment to be rendered and execution to be issued against a married woman personally. *Von Schrader* v. *Taylor*, *ante*, p. 361. But it in no way contravenes any forms of the common law that equity should recognize the obligation of one who, in this view, is a *feme sole* to pay her debts ; and this accordingly becomes a basis of action in the equitable proceeding.

The decree that "the plaintiff recover the said sum" is a fiat of the law, and implies obligation. It is not a futility merely because there is no process against the married woman directly. The command of the law is that, "in default of the payment of the said sum," the sheriff proceed, etc. The first contemplation of the law is that she will pay, the land being charged to provide for the other contingency. Nor is the charge upon the land perfected until the judgment is rendered, the theory of charge or lien by contract being now exploded even in England. *Johnson* v. *Gallagher*, 3 De G. F. & J. 508 ; *Picard* v. *Hine*, 5 Ch. App. 274 ; 4 Pr. Ch. 494. Equity recognizes the obligation of the engagement, though process is awarded only against the property held, this property being a fund out of which her debts are to be paid, and bearing the same relation to her debts as does the property of any other debtor to his debts.

Though the appeal bond was not here in double the amount of the money judgment, this fact does not prevent the bond from being essentially a statutory bond, since the bond follows the statute. The judgment was affirmed, and the undertaking of the defendants was that the appellants in the appeal would "comply with and perform the same, so far as it may be affirmed," etc. These defendants could, of course, undertake that the married woman should pay the amount of the judgment. There was nothing impossible or contrary to law in such an undertaking, and performance by payment must certainly be considered as having been in view of the parties, unless we are to refuse to give the instrument that scope which its words intend, and make it merely a bond for costs. The most important words of the bond have no meaning unless they mean that in case of affirmance the defendants will pay the amount of the judgment. The fact that, in default of payment by the appellants in the appeal, execution might issue against the

specific property, does not do away with the distinct fact that the defendants undertook that the appellants should perform the judgment.

A judgment upon attachment where there is a personal appearance, or a decree enforcing a mortgage where the mortgagee is made a party defendant and appears, though often called decrees *in rem*, are not such properly or strictly speaking. Nor is the present decree one which corresponds to the typical decree *in rem*, the decree in all admiralty proceedings. There is there no personal defendant, the claimant appearing merely as the owner of the property against all the world, the citation being to appear and defend the property the seizure of which gives jurisdiction to the court. In *Wood* v. *Fulton*, 2 Har. & G. 75, the proceeding appears to have been against the administrator and heirs, and the court narrowly limited the words of the appeal bond, holding the decree to be *in rem*, and making no distinction between the judicially recognized liability and the mere award of execution against specific property. The case of *Jenkins* v. *Hay*, 28 Md. 547, where neither the terms of the decree nor the terms of the bond are quoted, appears to be, so far as the present point is concerned, put upon the ground that the decree was *in rem*, the court describing the decree as " one for the sale of certain mortgaged real estate." We cannot, in the case at bar, disregard the fact that the decree recognized the liability to pay as distinct from the award of final process against the property, nor can we strike out from the bond words of plain meaning, on which the plaintiff had a right to rely.

The judgment is affirmed. All the judges concur.