NICHOLAS SCHAEFFER, Appellant, *v.* BRIDGET M. IVORY, Respondent.

July 1, 1879.

After she becomes discovert, an action may be maintained against a woman before a justice of the peace on a note executed by her during coverture.

APPEAL from St. Louis Circuit Court.

*Reversed, and judgment.*

PETER J. TAAFFE, for appellant.

DONOVAN & CONROY, for respondent.

HAYDEN, J., delivered the opinion of the court.

This was a suit brought originally before a justice of the peace, upon a promissory note signed by the defendant when she was married and had a separate estate, and also signed by her husband, by which note the two promised to pay to the order of the plaintiff's intestate $250, for value received, with interest from date, the 1st of January, 1874, at the rate of ten per cent per annum. The defendant became discovert on the 9th of January, 1875, and this suit was then brought against her as a single woman.

It is contended that the instrument cannot be treated as a note, as when she made it the respondent had no capacity to make a note; and that the justice had no jurisdiction, as this cannot be considered an instrument in writing, but a "liability." The questions were examined and disposed of in *Hooton* v. *Ransom*, 6 Mo. App. 19, and the decision in that case is decisive of this. The distinction was there dwelt upon between a void contract and a contract non-enforceable for the time being. Though the contract of a married woman is often called void in the books, this term is so used in the mere looseness of language. Equity is not in the habit of enforcing void contracts, and equity constantly enforces the contracts of married women during coverture, and when made during coverture. So, on the other hand,

when the temporary disability of marriage ceases, the law enforces the contract, which it would not do if the contract had been void. It serves no purpose to say that a married woman cannot make a contract, but may make an "engagement" or a "liability." This is merely playing with words. She may make a contract, and for certain purposes the law as well as equity recognizes that she may do so. As equity in the administration of justice blends more and more with the common law, it leads only to mistakes to repeat expressions applicable exclusively to the common-law system as it formerly existed.

The judgment is reversed, and judgment will be entered here in favor of the plaintiff for the full amount of the note and interest. All the judges concur.