MAGDALENA ALT ET UX., Respondents, *v.* CHARLES F. MEYER, Appellant.

### December 30, 1879.

A married woman who is the legal owner of personalty may sue at law one who takes it and converts it to his own use; and such a case is triable by jury.

APPEAL from the Circuit Court of St. Louis County.
*Affirmed.*

D'ARCY & NAGLE, for the appellant, cited : *Bauer* v. *Bauer*, 40 Mo. 61 ; *Long* v. *Cockrell*, 55 Mo. 93 ; *Gage* v. *Gage*, 62 Mo. 412 ; *Lincoln* v. *Rowe*, 64 Mo. 138 ; *Pratt* v. *Eaton*, 65 Mo. 157 ; *Harrison* v. *Thistle*, 67 Mo. 596 ; *Holthaus* v. *Hornbostle*, 60 Mo. 441.

A. R. TAYLOR, for the respondents.

BAKEWELL, J., delivered the opinion of the court.
The petition alleges that plaintiffs are husband and wife,

and that plaintiff Magdalena, at a date named, being then the wife of her co-plaintiff, was sole owner of a horse and wagon worth $305, upon which defendant directed to be levied an execution in his favor against plaintiff Henry, and caused the property to be seized and sold under said execution as the property of the husband. There was a verdict and judgment for plaintiffs.

Defendant, at the trial, objected to a jury, on the ground that the proceeding was equitable in its nature. The only question presented by the record is as to the action of the trial court in trying this cause as an action at law.

It is not disputed that Mrs. Alt received this property by gift since the passage of the Act of March 25, 1875. It is by virtue of that statute made her separate property. The language of the law is: "Any personal property belonging to any woman at her marriage, or which may have come to her during coverture, by gift, * * * shall be and remain her separate property, and under her sole control, and shall not be liable to be taken by any process of law for the debts of her husband." Rev. Stats., sect. 3296; Acts 1875, p. 61.

At common law, the chattels personal of the wife in her possession vested in the husband and became absolutely his. Equity recognized a settlement of property in trust for the sole and separate use of the wife, and, if necessary to protect her rights, would in some cases regard the husband as owning such property as her trustee. The effect of our statute is not to create a trust in the husband for the benefit of the wife, and to settle certain property upon him, or any other trustee, for her separate use. The plain intention of the Legislature in declaring that certain property shall be the separate property of the wife, is to abrogate *pro tanto* the common-law rule, and to make the wife the legal owner of personal property acquired by her by gift, during coverture or otherwise, according to the terms of the statute. In law, husband and wife are one person; and

the common law does not contemplate the possibility of the wife having a separate ownership of personal property. The statute has effected a change, by giving to the wife a separate legal ownership in personalty in which, before the statute, she could have only an equitable beneficial interest, the legal title being in some trustee for her benefit. The statute does not say merely that personalty acquired by her by gift during coverture shall be exempt from execution for her husband's debts, but also that it shall be her separate property ; not that her husband shall hold it as her trustee, but that it shall be legally hers. But, if the property is legally hers, why shall she not have an action at law against a wrong-doer who invades her right of property? and why can she not sue at law one who takes this property and converts it to his own use? We know of no sufficient reason why the action will not lie. The married woman is the real and only person in interest, and none but she can sue. Her husband must be joined, because the Practice Act directs that this must be done in all cases in which she is a party. But the fact that her husband is a party plaintiff does not convert an action at law to protect her purely legal rights to property of which she is the sole owner, into a proceeding in equity.

It is contended that if she can sue at law in regard to this property, it would follow that she could be sued at law, and that execution on a judgment against her might then be levied upon the goods made her separate property by statute ; and as this cannot be done, it is said that she cannot be regarded as the legal owner of this property, unmarried as far as her rights thereto are concerned. A judgment against a married woman is at least irregular, and cannot be enforced during coverture, and is therefore practically void whilst coverture lasts ; and though the Legislature has conferred upon married women the legal ownership of personalty, it has neither provided that a judgment at law may be rendered against the married woman with re-

spect to such rights, nor that she can sue alone to assert them. But it cannot therefore be maintained that the Legislature, in conferring certain property rights on married women, intended that they should be deprived of all remedy in regard to such rights. This would seem to follow, however, if the married woman could not sue at law for a conversion of personalty which is legally hers. If her interest is purely legal, and no equitable interests are involved, what can a court of equity have to do with the case? The wife formerly had access to a court of equity in proceedings concerning her separate estate. What gave her this access? Undoubtedly the fact that in equity alone could she obtain protection. The common law considered her existence as merged in that of her husband, and therefore denied that she could have any separate estate, or any interest as distinct from him. As to certain personal property, however, the wife is now *sui juris* by statute in Missouri, although she cannot sue alone, as is clear from the general language of the statutory prohibition in the Practice Act, which, not having been expressly repealed or modified, applies to all cases concerning her property rights. It is not believed that any question could possibly arise in this action which is not cognizable at law. But if there be no such question involved, then has equity no jurisdiction. If the wife cannot sue at law, then she has a right without a remedy, which is not to be said.

If it be urged that to say that a woman is *sui juris* in regard to property whilst her contracts in regard to it cannot be enforced at law, and while she cannot sue alone to enforce her rights, is to use words in a nonnatural sense, we do not know that we need be particularly concerned at this. By law this property belongs to the wife alone, without any trust, or fiction of a trust. The old common-law rules as to the rights and duties of married women are being constantly modified by legislation, and tend to complete abrogation. Whilst the laws in re-

gard to husband and wife in are this transition state, there will necessarily exist many anomalies, until by legislation and judicial decisions the relations of woman shall have been adjusted in accordance with the demands of an altered state of society. It is enough for the purposes of the present case, that no questions which are of equity cognizance could arise in a proceeding of this character.

We think that the learned judge of the Circuit Court committed no error in submitting to a jury the questions of fact in this case. The judgment is therefore affirmed. Judge LEWIS did not sit; Judge HAYDEN concurs.