JULIUS HEIMAN ET AL., Appellants, *v.* ALICE C. FISHER ET AL., Respondents.

### December 6, 1881.

1. A creditor who applies for an injunction against a married woman doing business as a sole trader, and obtains the appointment of a receiver, does

not thereby acquire any right to be paid in full, to the exclusion of intervening creditors of the same class.

2. In appointing a receiver, a court of equity does not disturb prior liens or equities; but, in the absence of such liens or equities, the fund will be distributed ratably among the creditors without regard to questions of superior diligence.

3. Irregularities which do not appear to have prejudiced or injured the losing party do not furnish sufficient ground for a reversal.

APPEAL from the St. Louis Circuit Court, THAYER, J.
*Affirmed.*

J. A. SEDDON and S. HERMANN, for the appellants: The general creditors of a married woman have no direct "charge" or "lien" on her separate estate. Her debts are simple obligations, and bear the 'same relation to her property as do the debts of a *feme sole* to her property. Her relation to her general creditors is that of an ordinary debtor to his creditors. The only distinction pertains to the remedy. In the one case the property is reached through legal process; in the other, through equitable process. — *Miller* v. *Brown*, 47 Mo. 507; *Whitesides* v. *Cannon*, 23 Mo. 467; *Staley* v. *Howard*, 7 Mo. App. 381; *Murray* v. *Barbee*, 3 Myl. 223; *Owens* v. *Dickinson*, 1 Cr. & Ph. 55; *Tod* v. *Lee*, 15 Wis. 373; s. c. 16 Wis. 485; *Johnson* v. *Gallagher*, 3 De. G. F. & J. 508; *Nash* v. *Norment*, 5 Mo. App. 547; *Conway* v. *Smith*, 13 Wis. 129; *De Baun* v. *Van Wagoner*, 56 Mo. 349; *Maxon* v. *Scott*, 55 N. Y. 251. In no event can an outside creditor intervene by petition in a creditor's suit until a decree is entered and the case referred to a master. For this the demurrer should have been sustained. — Story's Eq. Jur., sects. 546, 895. That all the creditors having an equal right to go against the separate estate of Mrs. Fisher, the plaintiffs, by their proceedings, have secured a priority, and Muller & Co. the right of prior satisfaction out of the surplus. — *Miller* v. *Sherry*, 2 Wall. 249; *Weed* v. *Pierce*, 9 Cow. 729; *Bruce* v. *Vogel*, 38 Mo. 106; *Pullis* v. *Robinson*, 73 Mo. 201; *Boynton* v. *Ransom*, 1 Clarke Ch. 397; *Evaston* v. *Lyde*, 1 Paige Ch. 637.

GIDEON D. BANTZ and LEE & CHANDLER, for interven-- ing creditors : " In equity it is a general rule that equi- table assets shall be distributed equally and *pari passu* among all the creditors, without reference to the priority or dignity of the debts ; for courts of equity regard all debts in con- science as equal *jure naturalis*, and equally entitled to be paid ; and hence they follow their own favorite maxim, that equality is equity : *Æquitas est quasi æqualitas.*"—1 Story's Eq. Jur., sect. 554 ; *Thompson* v. *Brown*, 4 Johns. Ch. 619, 645. There is no specific lien conferred by or priority between debts with which married women charge their separate es- tate ; all are equal.—*Todd* v. *Lee*, 16 Wis. 481 ; Anon., 18 Ves. 258 ; *North American Coal Co.* v. *Dyett*, 7 Paige Ch. 9. The appointment of a receiver is a matter of sound discre- tion, and not a matter of right. — 2 Story's Eq. Jur., sect. 831. Hence it is, that when a receiver is appointed, it is made for the benefit and on behalf of all the parties in interest, and not for the benefit of the plaintiff or of one defendant merely. — 1 Story's Eq. Jur., sect. 829 ; *Lechmere* v. *Bra- zier*, 1 Russ. Ch. 80 ; *Davis* v. *Duke of Marlborough*, 2 Swans. 145 ; *Bainbridge* v. *Blair*, 3 Beav. 423. All of the creditors are entitled to share equally in the assets. — *Todd* v. *Lee*, 15 Wis. 385 ; *Beverly* v. *Brooke*, 4 Gratt. 187 ; *At- las Bank* v. *Nahant Bank*, 3 Metc. 581 ; *Owens* v. *Dickin- son*, 1 Cr. & Ph. 48 ; *Strike* v. *McDonald*, 2 Har. & G. 232.

JAMES E. WITHROW and PHILLIPS & STEWART, for inter- vening creditors : A court of equity having jurisdiction for any purpose will retain the cause and decide the whole case upon its merits. — *Keaton* v. *Spradling*, 13 Mo. 321 ; *Corby* v. *Bean*, 44 Mo. 381 ; *Real Estate* v. *Callonius*, 63 Mo. 295. When the fund is impounded, the creditors should be paid *pari passu*. — *Todd* v. *Lee*, 16 Wis. 508. The ap- pointment of a receiver gives no advantage or priority to him at whose instance it is made over other creditors. —

*Beverly* v. *Brooke*, 4 Gratt. 187 ; *Ellis* v. *Railroad Co.*, 107 Mass. 1.

Bakewell, J., delivered the opinion of the court.

Heiman & Wall filed a petition alleging that Alice C. Fisher, with her husband's assent, carried on business as a sole trader in millinery goods, all the property in the store in which she carried on her business, being her separate property ; that Mrs. Fisher, on the faith of this separate estate, purchased for her business, goods of the plaintiff, for which she executed her note, on which $700 is due ; that the debt so created is a charge upon the estate ; that, by reckless management and fraudulent concealment of the proceeds of the sales, the stock has been reduced in value, in the three months preceding the filing of the petition, from $10,000 to $3,000 ; and that defendant has conveyed, assigned, and concealed her property to defraud her creditors, and is about to do so.   The bill is filed on behalf of plaintiffs alone.   The prayer is for an 'injunction restraining defendant from further dealing with the property in her store, and for a receiver.

A preliminary injunction was granted on plaintiffs giving bond.   The receiver was appointed, and, under orders of the court, he sold the property at public sale.   The net proceeds are about $1,000.

After defendant had filed an answer which admits the allegations of the petition, other simple contract creditors, whose claims together come to nearly $10,000, were permitted to intervene.   They pray that their claims may be allowed *pro rata* with that of plaintiffs.

Muller & Heath had begun proceedings to charge this same property of Mrs. Fisher for their bill against her for millinery furnished to her by them.   They obtained judgment after the receiver was appointed in the present case, and were permitted to intervene.   They, however, assume

no position antagonistic to Heiman & Wall; but join in the appeal. It is not necessary to state more particularly the nature of their claim to the fund.

To the intervening petitions of the creditors at large, plaintiffs demurred. The demurrer was overruled. The cause was referred, with directions to determine the amounts due on each claim. After the report of the referee and the submission of the cause, a decree was entered directing the receiver, after paying costs and expenses, to distribute the balance ratably between plaintiffs and the intervening creditors.

The effect of this decree is to leave to plaintiffs only a small percentage. They contend that, by their diligence, they have secured a priority.

It is argued that a married woman does not, by contracting debts, create any special relation between her creditors and her property, as by charging it, or create a trust-fund out of it; that the relation of a married woman to her creditor is that of an ordinary debtor; that there is nothing in the nature of the obligations of a married woman, not incident to ordinary simple contract debts, which can be held to give to her creditors a fixed determinate right to an equal satisfaction out of her separate estate, and that plaintiffs, on account of their diligence, are, under the circumstances of this case, entitled to be paid in full before anything is received by the intervening creditors who had not commenced suit.

By statute, in Missouri, the personal property belonging to a woman at her marriage, or which she acquires during coverture, is legally hers. *Alt* v. *Meyer*, 8 Mo. App. 198. And, as we have repeatedly said, the contract of a married woman creates no lien upon her separate property. For reasons peculiar to the common law, however, a judgment directly against a married woman is not permitted. Coverture creates a disability; and, though the married woman has property of her own, it would be en-

tirely beyond the reach of her creditors, but for the relief afforded in equity. During coverture, the equitable remedy is the only one. In order that the obligations of the *feme covert* may be enforced, equity regards her as a *feme sole,* and lends the aid of its peculiar processes that the creditor may not be without a remedy. *Hooton* v. *Ransom*, 6 Mo. App. 20 ; *Staley* v. *Howard*, 7 Mo. App. 381.

Legal assets are such as constitute the fund for the payment of debts according to their legal priority. Equitable assets are such as can be reached only by the aid of a court of equity, and the established rule is, that assets which can only be reached in equity must be distributed. *pari passu* amongst all the creditors.

" The question," says Chancellor Walworth, in *Purdy* v. *Doyle* ( 1 Paige, 558), " is, whether the fund in court is legal or equitable assets. If it is such property as the judgment creditors could obtain a specific or general lien on at law, they are entitled to the fruits of their superior diligence so far as they have succeeded in getting such lien. But, if the property was in such a situation that it could not be reached by a judgment at law, and the fund is raised by a decree of court, and the creditors are obliged to come here to avail themselves of it, they will be paid on the footing of equality only."

The rule is stated thus, in *Morrice* v. *Bank of England* ( Cas. *temp.* Talb. 218 ) : " The rule of this court with regard to equitable assets is, to put the creditors on an equal footing : so, where the assets are partly legal and partly equitable ; and though equity cannot take away the legal preference on legal assets, yet, if one creditor has been partly paid out of such legal assets, when satisfaction comes to be made out of the equitable assets, the court will defer him until there is equality of satisfaction to all the other creditors out of the equitable assets proportionate to so much as the legal creditor has been satisfied out of the legal assets."

Where the law gives priority, equity will not destroy it; and especially, where legal assets are created by statute (as in the case of judgment liens), they remain so, though the creditor be obliged to go into equity for assistance. And where a judgment creditor has sued out execution which is returned *nulla bona*, if he files a bill to reach an equitable interest of his debtor, he may have, by his execution and legal diligence, a legal preference to the assistance of the court, or a lien on the equitable interest. But we know of no case, and are referred to none, in which it has been held that a creditor at large, because he first moves for the appointment of a receiver, must be paid in full before other creditors receive anything from the fund brought into court for distribution. The case is one for the application of the maxim that equality is equity. *Codwise* v. *Gilston,* 10 Johns. 522; *McDermott* v. *Strong,* 4 Johns. Ch. 687; *Atlas Bank* v. *Nahant Bank,* 3 Metc. 581.

Undoubtedly, a court of equity, in appointing a receiver, does not disturb prior equities or interfere with liens acquired; but the receiver, when appointed, is appointed for the benefit of all parties interested, and not in the first place for the benefit of those who applied for an injunction and to have the fund brought into court. *Davis* v. *Duke, etc.,* 2 Swans. 146; *Brainbridge* v. *Blair,* 3 Beav. 423.

Appellants invoke the maxim that equity aids the vigilant, not those that slumber upon their rights. It cannot be said, however, that the intervening creditors have slumbered upon their rights. There is no pretence that their claims are stale. The maxim is meant to discourage the presentation of stale demands irrespective of statutory limitation, and is another form of the maxim that he who seeks equity must do equity. It cannot be invoked to establish the doctrine that he who comes first must always be first served, where there is no lack of diligence on the part of those claiming a share of a common fund. 1 Pom. Eq. Jur. 459.

It is urged, that it is very hard that plaintiffs who have run the risk in this matter, and furnished the bond, should be obliged to share with others the fund that, through their efforts, was brought into court. But, if we are to look at the hardship of the matter, it would be very hard upon married women trading with their own property, to establish the rule that the first creditor who applies for an injunction and receiver on the ground that the married debtor is insolvent and is wasting her estate, should be satisfied in full before any other creditor should be paid. It is unnecessary to enlarge upon this. It is evident that such a rule would place the married woman at a great disadvantage, and make it peculiarly hazardous for her to engage in trade.

The precise question has been considered by the supreme court of Wisconsin, in *Todd* v. *Lee* (15 Wis. 365 ; *s. c.* 16 Wis. 488). It was ruled, that where a *feme covert* engages in business and contracts several debts at different times, when it comes to enforcing the payment of such debts out of her separate estate, the several creditors must be paid *pari passu*, and that the maxim of equality must apply. It is intimated that the actions (there were seven of them) ought to be consolidated into one in the nature of a suit in behalf of all the creditors of the separate estate, since all must share alike.

Whether the present action ought to have been brought *qui tam* or not, we need not consider ; but it is manifest that, by framing it for his benefit alone, plaintiff could not bring the fund into court and then exclude the other creditors.

We are of opinion that there was no error in the order for a ratable distribution of the fund remaining in the receiver's hands.

Appellants claim that the trial court erred as a matter of practice, in allowing intervening creditors having no lien upon the property to come in before the decree. The

decree, they say, should first have been rendered for the benefit of all creditors who wished to participate, and the case then referred to a master to take an account. If appellants are right in this, it does not appear how they are substantially injured by the course pursued by the court, and the judgment ought not to be reversed now on that ground alone. What we have said disposes of the merit of the appeal.

We think the judgment of the circuit court should be affirmed. It is so ordered. Judge LEWIS is absent; Judge THOMPSON concurs.