GEORGE DEAN ET AL., Appellants, *v*. J. KENNARD & SONS CARPET COMPANY, Respondent.

### January 16, 1883.

1. MARRIED WOMEN — SUI JURIS AS TO PERSONAL ACTIONS. — A married woman is the only party in interest in an action to recover damages for injuries to her person, and is *sui juris* as to the matters thus in suit.

2. —— MAY COMPROMISE PERSONAL ACTIONS. — She may, without her husband's consent, compromise such a suit, though the husband be a necessary party to the action.

3. —— COMPROMISE — EVIDENCE. — Evidence of conversations between the wife and her attorney as to obtaining the husband's consent to a compromise of a suit by her for personal injuries, is immaterial, where she was in court when the suit was dismissed by her attorney and when the money was paid by the defendant under the compromise agreement signed by her.

APPEAL from the St. Louis Circuit Court, BOYLE, J.
*Affirmed.*

JOSEPH T. TATUM, for the appellants : The concurrence or acquiescence of the husband was necessary to the validity of the compromise agreement. — Rev. Stats., sect, ——; Tyler on Infancy, 319, 320.   The limitation of the attorney's authority to effect a settlement should have been permitted to be shown. — *Davidson* v. *Rozier*, 23 Mo. 387 ; *Grumley* v. *Webb*, 48 Mo. 562 ; *Waldon* v. *Bolton*, 55 Mo. 405 ; *Spears* v. *Ledergerber*, 56 Mo. 465.

W. B. THOMPSON, for the respondent : The attorney was authorized to make the compromise. — *McNamara* v. *Sommers*, 55 Cal. 508 ; *Black* v. *Rogers*, 75 Mo. 441. The dismissal of the suit was a sufficient consideration in law to support the compromise. — *Mullanphy* v. *Riley*, 10 Mo. 490 ; *Livingston* v. *Dugan*, 20 Mo. 102 ; *Stephens* v. *Spiers*, 25 Mo. 386.   The payment of any sum of money upon an unliquidated demand by way of compromise, and in settlement of a pending suit, is in good accord, and satisfaction of the cause of action. — *Peace* v. *Struret*, 4 J. J.

Marsh. 449; *Foster* v. *Trull*, 12 Johns. 456; *Evans* v.
*Wells*, 22 Wend. 325; *Eaton* v. *Lincoln*, 13 Mass. 424;
*Coon* v. *Knap*, 8 N. Y. 403. The contract signed by Vic-
toria Dean, though in the form of a receipt, after its exe-
cution and delivery to defendant, established, either by the
evidence of McDonald or by her own admission, or by the
rule of the statute, was conclusive in the case, and was not
susceptible of explanation by parol evidence. — *Illinois
Central R. Co.* v. *Welch*, 52 Ill. 183; *Coon* v. *Knap*,
8 N. Y. 403; *Carpenter* v. *Jamison*, 6 Mo. App. 216.

BAKEWELL, J., delivered the opinion of the court.

This is an action for injuries to the person of Virginia
Dean by the careless opening of a cellar door in the side-
walk of premises occupied by the defendant corporation.

After a general denial, defendant set up as a special de-
fence that plaintiff Victoria Dean, in a former action in
which her husband, George Dean, was joined as co-plaintiff,
sued for damages for the same injury complained of in this
suit; that, when that action was reached for trial, plaintiff
Victoria, in consideration of $250 then paid to her by
defendant, signed an order of dismissal of that action,
which was dismissed accordingly, and also, by a written
instrument there and then signed by her, released all claim
against defendant for the injury complained of. The writ-
ing is set out in full, and also filed as an exhibit with the
answer, and is as follows: " Received, St. Louis, Mo.,
January 11, 1882, of J. Kennard & Sons Carpet Company,
the sum of two hundred and fifty dollars, in full payment
and satisfaction of all claims, demands, damages, or causes
of action against J. Kennard & Sons Carpet Company,
growing out of any and all personal injuries to Victoria
Dean or in favor of her and George Dean, her husband,
caused to her by falling on a cellar door in April, 1881; and
we do, in consideration of said payment, dismiss the suit
now pending, and release and discharge said J. Kennard &

Sons Carpet Company from all claims and causes of action growing out of said injuries on the sidewalk along and upon the premises occupied by said company.    Victoria Dean."

The reply of plaintiffs admits the institution of the suit for the same cause of action, and that plaintiff Victoria signed the exhibit and the memorandum dismissing the suit, and that the same was dismissed; they say that the exhibit was never delivered by them, and was signed by Victoria Dean under the belief that her husband, who was not present, would consent, and had authorized the settlement, and would sign the exhibit, which was not to be delivered without his consent, which she believed to be essential to give effect to the paper; and that, when she discovered her mistake, she caused her name to be erased from the exhibit; that said exhibit was not to be effective without the consent of George Dean, and was retained by the attorney of plaintiff to get his signature; that George Dean refused to sign, and erased her signature, and that the exhibit came into defendant's possession after her name was erased, and after George Dean had written his dissent upon its face. Plaintiffs deny the payment or receipt of any money by way of a compromise or settlement, but admit that defendant gave its check to plaintiffs' attorney for $250, which check plaintiffs have never received, and which they directed their attorneys to return to defendants.    The reply denies the execution or delivery of the contract set up in the answer, and all allegations as to a compromise or settlement.

At the close of the case the court instructed the jury, that upon the pleadings and evidence plaintiffs were not entitled to recover.    Plaintiffs then took a non-suit, which the trial court refused to set aside.

There is no conflict of testimony as to the special defence set up in the answer.    It appears from the evidence that a former suit had been commenced by Mrs. Dean against the defendant, for the same cause of action set up in the petition

in this cause, her husband being co-plaintiff; that when that cause was ready for trial, a proposition was made in the court-room, in the presence of Mrs. Dean, to settle the matter and dismiss the suit for $250; that the matter was fully explained to Mrs. Dean by her attorney; that she thereupon signed the order of dismissal and the exhibit, whereupon the suit was dismissed in open court, and the witnesses discharged in her presence. A certified check of defendant for $250, was handed by defendant's attorney to Mrs. Dean's attorney, and she then left the court-room. After the agreement was signed by Mrs. Dean, and the check delivered, and the agreement delivered, the attorney of defendant requested the attorney of Mrs. Dean to obtain the signature of George Dean, the husband and co-plaintiff, to the agreement. Mrs. Dean's attorney said that this was not necessary, but took the paper for the purpose of obtaining the husband's signature. George Dean, who was not present in court when the paper was signed, refused to sign it when it was presented to him for that purpose by the attorney of plaintiff, and, taking the paper, erased his wife's name, and wrote upon the paper that he had done so, and that he dissented from the agreement. Up to that time, the attorney had not suspected that George Dean would be dissatisfied with the arrangement. The check was never cashed, but was offered to defendant's agents, who refused to receive it.

Mrs. Dean was the real and only person in interest in the action for damages growing out of a violation of her personal rights. Rev. Stats., sect. 3296. Her husband was made a co-plaintiff because the practice act requires it; but she was *sui juris* as to the matter by statute, and quite competent to compromise the matter and direct the dismissal of the suit without consulting her husband. *Alt* v. *Meyer*, 8 Mo. App. 198; *Hooton* v. *Ransom*, 6 Mo. App. 19. Her husband's assent or dissent is absolutely immaterial.

An offer was made to show by Mrs. Dean a conversation between herself and her attorney, to the effect that the paper was not to be delivered until her husband had signed it. The court excluded all such conversation not in the hearing of defendant's agents. In this there was no error. In regard to this matter concerning her personal rights, Mrs. Dean is to be treated as a *feme sole;* she is bound by the terms of her written agreement, and by the action of her attorney in delivering the instrument which she placed in his hands. Any understanding between herself and her attorney, if any such existed, that the paper was not to be delivered until her husband had been consulted, must be quite immaterial, under the circumstances of this case in the absence of any evidence that defendants had notice of it. They were safe in dealing with her about the matter as if she had been an unmarried woman, and when she signed the order of dismissal and the agreement in evidence in this case in their presence, and laid them on the table, and her attorney, in her presence, delivered the agreement and dismissed the action, defendant was safe in paying the money according to the terms of the compromise, and is no more to be affected by any talk about obtaining her husband's consent, between herself and her attorney, of which they had no notice, than they would have been affected by similar conversation as to what was to be done, before the delivery of the agreement, had Mrs. Dean been unmarried.

The common law merged the personality of the wife in that of her husband; the civil law does not. The tendency of legislation, in countries in which the common law prevails, is to do away with the old rules of the common law in this respect. Opinions may be divided as to the wisdom or expediency of these changes. With this we are not concerned. Whilst the law is in this state of transition some anomalies will exist. The legislature, in passing an enactment effecting the *status* or property rights of married women, does not always look through the statute book to

bring all its old provisions into accord with the new law. If we are asked why the husband should be joined in a suit concerning the wife's personal property, which he cannot at all control, though he is liable for costs, it is enough to say that the written law remains unaltered in this respect. But for the express provision of the practice act, we suppose that a married woman could sue alone now in Missouri in a case such as that before us. But the law, before a *feme covert* became *sui juris* as to claims arising out of injuries to her person, required her husband to be joined as a party plaintiff, and that section of the practice act has not been changed by subsequent legislation. The fact that a husband is a necessary party plaintiff to such an action cannot be held to give him a right to control the litigation without nullifying the more recent provisions of the married woman's act.

The judgment is affirmed. All the judges concur.