CITY OF ST. LOUIS, Plaintiff, v. WILLIAM KEANE ET
AL., Interpleaders, Appellants.

St. Louis Court of Appeals, November 8, 1887.

1.   EQUITY—INTERPLEADER—ADMISSIONS.—A person who interpleads
for a fund *in custodia legis* thereby admits that the case is a
proper one for interpleader proceedings.

2.   —— EQUITABLE GARNISHMENT—LIENS.—The filing in court of a
bill in the nature of an equitable garnishment gives the plaintiff
in the bill a lien on the debtor's funds in the hands of the defend-
ant.

3.   —— DISTRIBUTION OF TRUST FUNDS.—A lien having been ac-
quired by equitable garnishment, is not divested by the subsequent
bringing of the fund into court for distribution, although it may
be divested in favor of persons showing superior equities.

4.   —— Equitable assets brought into court for distribution will
not be distributed *pari passu* between all the creditors where one
of them has a prior lien or a superior equity.

5. —— A percentage of the fund having, under the terms of the contract giving rise to it, been reserved for the payment of material men, they have, as to such percentage, a paramount equity, and are entitled to have their claims paid out of it in preference to all other creditors.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Reversed and remanded with directions.*

H. D. WOOD, for T. S. Smith, appellant, and KLEIN & FISSE, for Thorne & Hunkins, appellants: The attempted assignment of Murphy to Keane being for part only of the fund, and not assented to by the city, was void at law and in equity. *Burnett v. Crandell,* 63 Mo. 410. And this point can be taken by any one interested in the fund. *Bank v. Coates,* 79 Mo. 169; *Dickinson v. Coates,* 79 Mo. 250. This provision of the contract, and the retention of the fund by the city, created a lien or trust in favor of the material men superior to the claim of Keane, which a court of equity will enforce. *Luthy v. Woods,* 6 Mo. App. 67; *Irons v. Price,* 14 Mo. App. 179; *Murphy v. Bank,* 30 Hun (N. Y.) 40; *Bank v. Mayor,* 58 How. Pr. 207; affirmed, 27 Hun, 467; *Ewing v. Arthur,* 1 Humph. 514; *Legard v. Hodges,* 1 Ves. Jr. 478.

M. McKEAG, for W. Keane, appellant: No lien was created by the provisions of the contract and the acts of the city. *Grassman v. Bonn,* 30 N. J. Eq. 491. Keane is entitled to a decree under the assignment of Murphy to him. *Superintendent v. Heath,* 15 N. J. Eq. 22; *Bank v. Noonan,* 14 Mo. App. 243; *Pullis v. Robinson,* 73 Mo. 212; *George v. Williamson,* 26 Mo. 193; *Newham v. Kenton,* 79 Mo. 382. Equity will not aid a creditor to reach the effects of a debtor until the creditor has established and liquidated his claim in a court of law. *Wright v. Ellison,* 68 U. S.

16; *Hoyt v. Story*, 3 Barb. 262; *Dodd, Brown & Co. v. Day*, 10 Mo. App. 121.

Rombauer, J., delivered the opinion of the court.

Under date of April 28, 1884, the city of St. Louis entered into a written contract with John C. Murphy as principal, and the interpleader, William Keane, as one of his sureties, whereby the latter covenanted to construct Gingrass sewer in part, and the city agreed to pay Murphy, for the work and materials, certain specified prices.

The payments were to be made upon the certificate of the sewer commissioner, and the contract contained the following clause :

"If the contractor shall fail to pay the laborers employed on the work, or to pay for materials used therein, the sewer commissioner may withhold his certificate for everything in excess of eighty-five (85) per cent. of the value of the work done, until he shall be satisfied that all such claims for labor or materials are paid."

There were other clauses in the contract authorizing the city to withhold money from the contractor, but this was the only one which referred to fifteen per cent., and there was no evidence that the money hereinafter mentioned was withheld by the city under any other clause. The contractor, Murphy, began the construction of this sewer and carried it to a certain point, when he abandoned it, and the city finished it at his expense. The city withheld fifteen per cent. of the value of the work done and materials furnished by Murphy, up to the time when he quit the work, the amount so withheld being $1,246.68. This was reduced to $869.34, by the completion of the work at Murphy's expense, and the amount last named, being claimed respectively by William Keane and Thaddeus S. Smith, the city brought the present action against them and John C. Murphy, and asked leave to pay the $869.34 into court, and for a

decree compelling these claimants to interplead therefor. The prayer of the city was granted, and the $869.34 deposited by the city with the clerk of the court, and a decree entered discharging the city from all further liability in the premises. Murphy failed to interplead, and was barred. Keane and Smith and Thorne & Hunkins (the latter being admitted to do so without objection) interpleaded for the fund, and there was a trial of their respective interpleas, with the following result:

The court found that William Keane had a judgment demand against Murphy for $834.00, for money advanced towards the construction of [the sewer; that Thaddeus Smith had a demand of $793.71, on open account, for materials furnished to Murphy for the same purpose, and that Thorne & Hunkins had a demand of $117.00, on open account, for materials furnished in like manner. Concerning these facts, there was no controversy.

The court further found, and its finding is well supported by the evidence, that Murphy made an assignment of so much of the fund in the hands of the city as would satisfy the claim of Keane to the latter, to which assignment the city never assented. Whereupon, Keane brought a suit in equity against the city, to subject the funds in its hands to his claim against Murphy; and that a similar action was subsequently brought by Smith.

Upon the facts so found, which are partly conceded, and partly established by the evidence, the court decreed that the fund in court be distributed among the three claimants in proportion to the amount of their respective claims, after first deducting the costs of the interpleader proceedings.

From this decree all the interpleaders appeal. Keane claims that, under the evidence, he is entitled to the entire fund, and Smith and Thorne & Hunkins claim that he is entitled to no part thereof, but that the fund should be divided between them in proportion to the

amount of their respective claims, and that Keane should be adjudged to pay the costs of the interpleader proceedings.

The court evidently based its decision on the well-settled proposition announced in *Heiman v. Fisher* (11 Mo. App. 275), that, when assets are brought into a court of equity for distribution, they must be distributed between all the creditors *pari passu*, regardless of the diligence which any of them may have exercised in bringing the fund into court. In this, however, the court ignored a proposition equally well settled, that such disposition is to be made only when neither party has a superior equity or a prior lien on the specific fund. This court, in the case referred to, distinctly announces that, "when a judgment creditor has sued out execution which is returned *nulla bona*, if he file a bill to reach the equitable interest of his debtor, he may have, by his execution and legal diligence, a legal preference to the assistance of the court, or a lien on the equitable interest."

In the case at bar, Keane obtained judgment against Murphy. He sued out an execution on such judgment, which was returned *nulla bona*. He thereupon instituted a suit against the city of St. Louis and Murphy to subject Murphy's funds in the city's possession to the lien of such execution by way of equitable garnishment. Such a proceeding was upheld in *Pendleton v. Perkins* (49 Mo. 569), and, if maintainable, it is not easy to discern how, on any principle applicable to equity proceedings, it would fail to confer upon Keane a superior equity, entitling him to be first satisfied out of the fund in court, such fund being admittedly the fund which he had attached, unless the equities of the interpleading material men are superior to his.

The fund was charged with this lien before it was brought into court for distribution. In no view of the case, therefore, are the parties before the court entitled to a ratable distribution of the fund? Either the equi-

ties of Keane, as a lienor, are superior, as above stated, in which event he is entitled to be first satisfied out of the fund, or the equities of the material men are superior, in which event they are entitled to have their claim satisfied in preference to that of Keane; and, as the aggregate of their claims exceeds in amount the entire fund, Keane is entitled to nothing.

On a review of the evidence, we must hold that the last of these propositions is the only correct conclusion which can be reached. We can not see how this case can, on principle, be distinguished from the case of *Luthy v. Woods* (6 Mo. App. 67, 72), decided by this court, upon full consideration, on a second appeal. There, under a similar clause in a contract, and under almost identical circumstances, it was held that the equities of the interpleading material men arose from the terms of the contract, and the assent to such terms by all the parties, and that such equities were superior to those of a general creditor, who, as in the case at bar, endeavored to secure a priority on the fund by equitable garnishment.

Our opinion as to the correctness of this conclusion is materially aided by the fact that Keane was a party to the contract, that he expressly assented to all its terms, and that he was well aware, when he tried to subject this fund to the payment of his claim, that the city had retained it under the terms of the contract, presumably for the security of the material men.

The supreme court of New York, in *Murphy v. National Bank* (30 Hun, 45), on almost identical facts, reached the same conclusion. Justice Brady, in delivering the opinion, says: "It was not necessary for the plaintiffs to resort to the effect of an equitable assignment in order to recover in this action, inasmuch as it has been held in this court, in a case almost precisely similar to the one in hand (*Mechanics and Traders' National Bank v. The Mayor* [58 How Pr. 207]; affirmed 27 Hun, 467), that in a contract having the same provis-

ions as those which were inserted in that between Mulholland and the city, the assignee of moneys due and to grow due under the contract, took them subject to all equities existing between the contractor and the parties doing work or furnishing materials under it, or for which, under the terms of the contract, lienors might enforce their claims against him. The claims of the plaintiff were for materials furnished, and they were expressly within the terms of the agreement."

We are referred to *Grassman v. Bonn* (30 N. J. Eq. 490), as holding a contrary view. In that case the court held, on demurrer for defect of parties, that, under somewhat similar circumstances, the material men were not necessary parties to an action of account in equity between the contractor's statutory assignee and the commissioners with whom the contract was made. Whether such decision is correct or not is immaterial, as the judgment did not necessarily rest on the points involved in this controversy, and even if it did, is entitled to no controlling weight when opposed to our own ruling.

It results from the foregoing that the judgment rendered can not be supported on the evidence. All the judges concurring, it is ordered that the judgment be reversed and the cause be remanded to the trial court, with directions to enter a decree distributing the fund in court ratably between the interpleaders Smith and Thorne & Hunkins, in proportion to their respective claims, after first deducting all costs accrued prior to the filing of any interpleas in the case, and, as to all subsequent costs, to render judgment against the interpleader Keane.