### SMITH vs. WILLING.

1. In action of ejectment for land sold under execution, brought against the defendant in the execution, the deed from the sheriff is valid, and may be read in evidence although not recorded.

2. It is no variance in a declaration to set out part of the description of a tract of land, which is omitted in the sheriff's deed, the description as supplied in the declaration not conflicting but consisting with the description in the deed.

### ERROR to Callaway Circuit Court.

JONES *for Plaintiff.*

ANSELL *for Defendant.*

McBRIDE, J., *delivered the opinion of the Court.*

Smith brought his action of ejectment against Willing in the Callaway Circuit Court, to recover a tract of land lying in said county. On the trial, he offered in evidence a deed, (having first proven a judgment and execution obtained in said Court, by James H. Smith against Willing, &c.,) from the sheriff of Callaway county, to him for the land in controversy, the same having been sold under the execution aforesaid, and pur-

chased by him. To the reading of the deed in evidence, the defendant objected, and the Court sustained the objection; whereupon the plaintiff took a non-suit, with leave to move to set the same aside, which motion he subsequently made, and the same having been overruled, he has brought the case here by writ of error.

The record shows two grounds upon which the motion to exclude the deed was predicated,—first, the deed had not been admitted to record, in the recorder's office of said county, prior thereto,—second, there is a variance between the description of the land in the deed and that set forth in the declaration.

On the subject of recording deeds, our statute provides that "no such instrument, in writing, shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the recorder for record." Rev. C. 1845, §42, p. 226.

We do not think the exclusion of the deed, by the Circuit Court, can be sustained under this section, for in contemplation of law, Willing may be regarded as a party to the deed, acting by and through the sheriff, who disposes of the land for his benefit, and appropriates the proceeds to the payment of his debts. If Willing be regarded as a party to the deed, then he does not come within the exception of the statute, and to authorize his deed to be read against him, in any action wherein it would be legal evidence, it was not necessary that it should be first recorded. Why should it be recorded before offered in evidence? The record would impart no notice to him,—it would not give any additional legal force and effect to the deed.

Is there a variance in the description of the land, as set out in the declaration, and that contained in the deed from the sheriff to the plaintiff; if there is, is the variance material?

The land in controversy, is a tract of thirty acres, lying in the form of a parallelogram. The declaration gives the courses and distances of all the lines—the deed from the sheriff omits the course of the last line, but gives the distance from the last named point to the beginning. If a line were run from the point last given by the sheriff's deed, to the beginning, it would necessarily be a line as described in the declaration. The declaration, then, only supplies an unimportant omission in the deed, and in doing so, does not produce a variance which should exclude the deed as evidence. The description in the deed, and that in the declaration, are not repugnant, but are the same as far as the deed goes—the deed does not contain a description of other and different lands than those set

out in the declaration, but the same identical land, omitting a call which cannot be different from that in the declaration.

The judgment of the Circuit Court is reversed, and the cause re-manded.