CAMPBELL, BY HIS NEXT FRIEND, Defendant in Error, v. GARTON, Plaintiff in Error.

1. Where a judgment by default has been regularly rendered, a motion to set the same aside should be accompanied by an affidavit showing a meritorious defence and that there has been due diligence.
2. A petition for a review will not lie under section 13 of article 12 of the act concerning practice in civil cases (R. C. 1855, p. 1280, § 13), if the defendant has been regularly summoned as required by law, or has appeared to the suit, and interlocutory and final judgment shall have regularly been rendered against him.

*Error to Pettis Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Ford* and *Field,* for plaintiff in error.

The petition should have been granted. The defendant never appeared to the action. The petition sets forth all the facts required by the statute. The motion to set aside the interlocutory judgment was not an appearance. There was no negligence on the part of defendant. In addition to the facts set forth as required by the sixteenth section of the twelfth article, the petition embraces other good cause for setting aside the judgment, the discovery of new and material evidence. (Sto. Eq. Pl. § 404, 413 ; 2 Smith, Ch. Pr. 50, 60 ; Mitf. Ch. Pr. 127 ; Barton Eq. 215 ; 4 Hen. & Munf. 242 ; 2 id. 589 ; 2 J. J. Marsh. 492 ; 8 B. Monr. 343.)

*Welch & Hicks,* for defendant in error.

Campbell, by his next friend, v. Garton.

I. The court committed no error in dismissing the petition of review.

EWING, Judge, delivered the opinion of the court.

Defendant in error sued plaintiff in error in ejectment, in which there was personal service on the defendant, and judgment by default rendered at the November term, 1857, which was made final at the next regular term thereafter. On the same day plaintiff in error filed his motion to set aside the judgment by default and for leave to file an answer, which was overruled. The motion was based on an alleged mistake or misunderstanding of counsel, to whom plaintiff in error had spoken, and who failed to file an answer. The motion was not supported by affidavit. At the April term, 1858, the judgment having been made final, on the 8th of September, 1859, plaintiff in error filed in the clerk's office of said court a petition asking the court to set aside the judgment by default and the final judgment, and to permit him to answer said petition. At the next term, November, 1859, the defendant in error filed his answer denying that plaintiff was entitled to the relief sought by his petition. This answer, on motion of the plaintiff in error, was stricken out. The petition for a review was then overruled, and the court refused to set aside the judgment, to which opinion of the court exceptions were saved, and the cause is before us on a writ of error.

The petition for a review is based upon the following grounds: First, that the petitioner never appeared to the action, nor was he made a party as the representative of one who did appear to the action; second, he was guilty of no negligence in not appearing to said suit, and that since the final judgment was rendered he has obtained the patent from the United States to the land in controversy; that he was the legal owner of the land; and that he had a good defence to the action. This was not a case for the proceeding by a petition for review, and the plaintiff in error misconceived his remedy in resorting to it. A petition for re-

view is the appropriate remedy where an interlocutory judgment shall be made and a final judgment is entered thereon against any defendant who shall not have been summoned as required by this act, or who shall not have appeared to the suit, or have been made a party as the representative of one who shall have been summoned or appeared. (R. C. 1855, p. 1280, art. 12, § 13.) The record shows that the plaintiff in error, defendant in the ejectment suit, was duly summoned as required by law ; and it also shows that he appeared to the action. But having been summoned was sufficient ; and having failed to answer, his proper course was by motion to set aside the interlocutory judgment. (R. C. 1855, p. 1278, § 4, 5.) Such a motion, it is true, was filed and overruled, and from the judgment of the court in overruling the motion the plaintiff could have appealed if the court had committed error. The motion, however, (which was not sustained by affidavit,) discloses no merits whatever. The only ground alleged is, that the defendant had spoken to and employed an attorney to file an answer and defend said suit, and that said counsel, by misunderstanding or mistake, did not file any answer. It does not appear from this motion that there was any defence to the action, or that the defendant would have been benefited had he been permitted to file an answer. In all cases of this kind there should be an affidavit of merits and that there has been due diligence. (7 Mo. 6, 27 ; 8 Mo. 688 ; 3 Mo. 263 ; 10 Mo. 394 ; 11 Mo. 193.)

The judgment is affirmed ; Judge Scott concurring. Judge Napton, having been of counsel, did not sit in this case.