SAMUEL ENSWORTH, Respondent, *vs.* GUY C. BARTON, Appellant.

60  511
34a 295
60  511
55a 558
60  511
157  506

1. *Practice, civil—Allegata and probata—Claim for conversion of note, and proof of failure to pay pro rata proceeds, etc.*—Under a petition charging the trover and conversion of a note, plaintiff cannot show that defendant was trustee appointed to collect the note and distribute the proceeds among the creditors of the maker, and failed to pay over to plaintiff his proportion of the amount.

*Appeal from Buchanan Circuit Court.*

*W. H. Sherman*, for Appellant.

I. Plaintiff brought his suit in trover, and recovered judgment upon a special contract. . This cannot be done, even under the generous rules of practice provided by the code. (Wagn. Stat., 1058; Harris vs. Han. & St. Jo. R. R. Co., 37 Mo., 307; Robinson vs. Rice, 20 Mo., 229; Beck vs. Ferrara, 19 Mo., 30; Duncan vs. Fisher, 18 Mo., 403; Link vs. Vaughn, 17 Mo., 585; Ransom vs. Wetmore, 39 Barb., 104; 1 Chitty's Pl., 154.)

*A. H. Vories*, for Respondent.

I. As the case was tried by the court and developed by the testimony, the only question involved was, whether the defendant had received any money for the use and benefit of plaintiff, and if so, how much. And if under that view there was either evidence offered, or instructions given or refused, on any other theory they were wholly immaterial to such issue, and this court will not reverse when substantial justice has been done between the parties. (Rapp vs. Vogel, 45 Mo., 524; Rowell vs. City of St. Louis, 50 Mo., 92; Harris vs. Hays, 53 Mo., 90; State vs. Bailey, 57 Mo., 131.)

NAPTON, Judge, delivered the opinion of the court.

The petition in this case was as follows: Plaintiff states, that in the year 1866, on or about that time, the firm of Farris & Short executed their note payable to Thomas D. Mackay or order, for about $900, with interest from date, in consideration of their indebtedness to him. The exact date,

amount thereof, or time of payment, or rate per cent. interest, is not known to plaintiff, as he never saw the note. He further states that after said note became due, to-wit: the last of the year 1866, the said Mackay sold said note to plaintiff, for a valuable consideration. He further states that said Mackay sent said note to the firm of Woolworth & Barton (defendant being one of said firm) for collection, who received the same; that said firm was advised and notified that said note was the property of plaintiff, and that they were to account to him for said note or its proceeds. He further states that when said note was so sent to the firm of Woolworth & Barton, there was due on said note upwards of $1,000. He further states, that in the spring of 1869, he made of the defendant and Woolworth a demand, and they refused and failed to deliver the note to plaintiff. He also demanded of them the proceeds of said note, if collected, which they refused to account for, denying that they had collected the same. He further states that said note bore interest, as he has been informed, at the rate of 18 per cent. per annum, and said note was made in the State of Kansas, where such interest was by law legal. The plaintiff further states, that defendant and his partner, in a settlement of their transactions with the firm of Farris & Short, before said demand, used said note and obtained a credit for the same in said settlement, and converted it to their own use. Wherefore he prays judgment for the amount of said note and interest, in the way of damages.

To this petition there was an answer, denying every allegation, and setting up the statute of limitations of five years as a bar.

A replication was filed, stating that defendant, before the expiration of the five years, left the State and has never returned.

The facts in the case, which the plaintiff's evidence tended to establish, and which under instructions from the court, the verdict of the jury may be regarded as finding, were about these:

From 1862 to 1869, the house of Woolworth & Barton was engaged in a general freighting business on the plains. In 1865 or 1866, the firm of Farris & Short was engaged in the same trade. Farris & Short bought of Mackay a large number of cattle for freighting purposes, and paid him for them, excepting the sum of $700 or $800, for which they gave their note. Farris & Short were unsuccessful, and failed. The firm of Woolworth & Barton had advanced largely to them. It was agreed among the creditors of Farris & Short, that the cattle, mules and wagons and other property of said firm, should be turned over or assigned to Woolworth & Barton, who would sell them and apply the proceeds to a *pro rata* payment of their creditors. This is the tendency of plaintiff's proof, though Woolworth & Barton deny that they were to pay anything to the creditors of Farris & Short, until they had sold enough to satisfy their own claims. However this may be, and upon this point the evidence was irreconcilable, it is clear that the case which the plaintiff, by evidence, sought to make out, was based on an alleged failure of defendant to account to him for his share of the proceeds of property which they sold as trustees or assignees of an insolvent firm.

The testimony of Mackay and of Short, in regard to the note and the terms of the assignment to defendants, was obviously illegal. The note was never produced although the plaintiff's witness, Short, said it was in his possession, and the same witness stated that the agreement among the creditors of Farris & Short was in writing, and there was no proof offered to show that such agreement was destroyed or lost. It is strange that such material facts as these should be left to the loose statements of witnesses, when the note and the agreement could have been produced.

As the case must be remanded, on account of the admission of testimony clearly illegal, the question in regard to the admissibility of all the plaintiff's evidence under his petition might be passed by. Objection was made to it as the case

progressed, and the question was again presented by an instruction.

The case proved, or attempted to be proved, by the evidence, was certainly not the case stated in the petition.

It is difficult to determine under our Practice Act, what degree of liberality courts are required to extend to parties in regard to their pleadings. In section 23, (Wagn. Stat., 1037) it is declared that "it shall be the duty of the courts to so construe the provisions of law relating to pleading, and amending the same, and to so adapt the practice thereunder, as to discourage, as far as possible, negligence and deceit, to prevent delay, to secure parties from being misled, to place the party not in fault as nearly as possible in the same condition he would have been if no mistake had been made, and to afford known, fixed and certain requisitions, in place of the discretion of the court or the judge thereof."

The 3rd section of the same article says, that "the court may at any time before final judgment in furtherance of justice, and on such terms as may be proper, amend any record, pleading, process, entry, return or other proceeding by adding," etc., and "by conforming the pleading or proceeding to the facts proved." As no proposal was made to the court in this case to amend the pleadings, it is unnecessary to determine the proper construction of this section.

The cause of action stated in the petition, and the one attempted to be proved were different. The petition stated the conversion of a note belonging to plaintiff, by the defendant to his use. The proof was that such conversion was proper, and in accordance with the contract, and that the real claim of plaintiff was, that the defendant did not account for such collection of the note, as by agreement he was bound to do. In other words, the claim of plaintiff was on account of money received by defendants, as trustees, for the creditors of Farris & Short, of whom the plaintiff was one, or the assignee of one. (Harris vs. Han. & St. Jo. R. R., 37 Mo., 307.)

It may be that defendants were not misled by the evidence introduced by plaintiff. We will reverse the judgment, however, for error in the admission of testimony.

In regard to a change of the pleadings, it is only necessary to say that the evidence was designed to show a breach of a special contract—a failure of defendants to comply with a trust. The petition charged a conversion of the note and its proceeds to defendant's use.

Under our practice act the plaintiff ought to, at least, state the facts and his ground of complaint arising on the facts. The petition in this case is simply a declaration in trover, under the common law, for the conversion of a note; and a judgment is asked for the note or its proceeds. The evidence adduced on the trial was designed and tended to show an entirely different cause of action.

The judgment is reversed and the cause remanded; the other judges concur.