ENSWORTH, *Appellant* v. BARTON.

**Pleadings**: AMENDMENTS. The allowance of amendments to pleadings is largely discretionary with the trial court, and this court will not interfere unless it is manifest that the discretion has been arbitrarily and unjustly exercised.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB, Judge.

Ensworth v. Barton.

*Allen H. Vories* for appellant.

*W. H. Sherman* for respondent.

NORTON, J.—This is an appeal from the judgment of the circuit court, in sustaining a motion to strike from the files of said court an amended petition of plaintiff, and in refusing to allow the same to be filed after said motion was sustained. It appears that this cause was once before in this court, and is reported in 60 Mo. 512. The judgment was reversed and cause remanded because of the admission of illegal evidence, and in the opinion a suggestion was made that the petition stated one cause of action and the evidence tended to establish another.

It appears from the record now before us that, when the mandate of this court was filed in the trial court, the plaintiff, at the September term, 1874, had leave granted him to file an amended petition thirty days before the ensuing January term. This order was made on the 29th of October, and the amended petition was filed in vacation, on the 22nd day of December, 1874. At the January term, 1875, defendant filed his motion to strike out said amended petition, alleging as grounds therefor, among others, that the same had not been filed in pursuance of any order of the court, and that more than three petitions, filed by plaintiff, had been adjudged to be insufficient, in whole or in part, upon demurrer or motion. This motion was sustained and the petition stricken out, whereupon plaintiff again asked leave to file the same, which the court refused.

To a great extent the allowance of amendments of pleadings in a cause is discretionary with the trial court, and with the exercise of this discretion we do not ordinarily interfere. To justify such interference it must appear that it has been arbitrarily and unjustly exercised, and it is the duty of the party complaining to make this manifest. In the absence of anything in the record showing

that the amended petition was filed within the time prescribed by the order of the court, we must presume that the court determined that question properly, and in the absence of any affidavit on the part of plaintiff giving any reason whatever why the order had not been complied with, or the amended petition had not been filed within the time prescribed, we cannot assume to say that the action of the court in striking it out and refusing to allow it to be filed was either arbitrary or unjust. It has been repeatedly held that motions to set aside judgments by default should always be accompanied by an affidavit of merits, and should show that there has been due diligence. 29 Mo. 344; 11 Mo. 193; 10 Mo. 394; 8 Mo. 688. While we think trial courts should be liberal in allowing amendments in furtherance of justice, yet, this being a matter of discretion, we do not interfere unless it has been palpably abused. *Chauvin v. Lounes*, 23 Mo. 227. From the record before us we cannot say that this has been done in this case, there being no affidavit disclosing diligence, or giving any reason why the order of the court had not been complied with. Judgment affirmed. All concur.

AFFIRMED.