P. A. EDELEN, to use of JAMES R. MUDD *et al.*, Respondent, v. GEORGE P. STRONG, Appellant.

St. Louis Court of Appeals, February 19, 1889.

Leasehold : TRANSFER OF CROP : RIGHTS OF LESSOR. The defendant leased a tract of land to three tenants jointly for eight hundred and forty dollars, with a provision against assignment or underletting without the lessor's consent, and further provisions that the tenants should harvest the crop at maturity, and the lessor should then take possession thereof, and after deducting his rents from the proceeds, should pay over what remained to the tenants. All this was done, and upon a settlement agreed to by all the parties, the balance found due was paid over by the lessor to the tenants. In the mean time, after the execution of the lease, one of the tenants executed and delivered a deed of trust to the plaintiff, as trustee, conveying fifty acres of the growing crop to secure the payment of a promissory note for two hundred and ninety dollars which, before the institution of this suit, became the property of a bank. The defendant never gave his consent to, and had no notice or knowledge of the conveyance mentioned, prior to its being recorded, which was four months after the execution of the lease. There was no several letting to the tenant who gave the mortgage. No notice of an equitable lien upon the tenant's share was ever given to the defendant prior to the making of the settlement. *Held*, in a suit by the trustee against the lessor for money had and received, that there was no cause of action.

*Appeal from the St. Charles Circuit Court.*—Hon. William W. Edwards, Judge.

Reversed.

*George P. Strong, p. p.,* for the appellant.

The petition does not state facts sufficient to constitute a cause of action. It does not show that plaintiff, or the usees are the real parties in interest, nor that plaintiff is "a trustee of an express trust," nor does it describe any particular property. The court erred in allowing any evidence to be given. R. S. 1879, p. 592, sec. 3462 ; *Ib.* 1879, p. 601, sec. 3511. By the transfer, the note and deed or trust passed to the bank and they were "the real parties in interest." The transfer of the note carries the mortgage. *Savings Bank v. Greeve,* 84 Mo. 477. The sureties had no interest in the property nor could they enforce the deed of trust until they paid the note. *Johnson v. Johnson,* 81 Mo. 331 ; *Stonebreaker v. Ford,* 81 Mo. 532, p. 538. The statute, section 3075, and the express terms of the lease, forbid the lessees, or any of them, "to transfer or assign their term, or interest, or any part thereof to another," without lessor's written consent. The statute mentioned is as follows: "No tenant for a term not exceeding two years, or at will or by sufferance, shall assign or transfer his term, or interest, or any part thereof, to another, without the written assent of the landlord, or person holding under him." R. S. 1879, p. 514, sec. 3075. A provision which in effect gives a lessor the ownership and control of a crop to be raised on the leased premises, makes his lien effectual against the lessee and all persons claiming under him. 1 Jones on Liens, sec. 548 ; also sec. 541, citing *Gafford v. Stearns,* 51 Ala. R. 434. Section 3083, Revised Statutes, p. 516, gives a lien on all the crop for rent. Under a verbal agreement, possession may be taken and defended against tenants

Edelen v. Strong.

and any one claiming under him who is not a *bona-fide* purchaser for value without notice. 1 Jones on Liens, sec. 541, 51 Ala. R. 434, cited above; *Driver v. Jenkins*, 30 Ark. R. 120; *Nash v. Norment*, 5 Mo. App. 545; Cross on Liens, 48. Neither the bank, nor Mudd and Lamothe were "*bona-fide* purchasers for value without notice." It was an old past due claim in the hands of the bank, before the new note and deed of trust were given; no new consideration was given for it. Dr. Mudd testified that he knew when he "took the deed of trust, that the land was rented of defendant," and that "A. A. Edelen was without means." The deed of trust was incompetent as evidence. No title to the wheat upon any particular "fifty acres" was shown to be in A. A. Edelen. He was forbidden by the statute to transfer his interest under the lease or any part of it. The deed was void for want of power in the grantor to make it. The lessees had no power to transfer or assign their term, or interest, or any part of it, without a written consent of the lessor. The joint lease was only for one year. *Saunders v. Ulhausen*, 51 Mo. 163, op. 164–5; R. S. 1879, p. 514, sec. 3075; Taylor, Landlord & Tenant, sec. 403; 1 Jones on Liens, secs. 548, 550, 547; *Wentworth v. Miller*, 53 Cala. 9.

*Oscar J. Mudd*, for the respondents.

The suit is brought in the name of the trustee in the deed of trust. Nobody else could bring the suit. R. S. 1879, p. 592, sec. 3463; *Miles v. Davis*, 19 Mo. 409; *McComas v. Ins. Co.*, 56 Mo. 573. It can make no difference whether Mudd and Lamothe had paid the bank at the time the suit was brought. The evidence shows that the grantor in the deed of trust had not paid the debt. If the trustee in the deed of trust, or the bank, which latter at the date of the bringing of

the suit were unwilling the suit should be brought, for the use and protection óf Mudd and Lamothe, they could have acted, but it was no matter to defendant, appellant here. A recovery in this suit is a bar to any further claims under the deed of trust. *Rogers v. Gosnell*, 51 Mo. 466. The lease shows that the tenants were tenants in common of the leased premises. But the testimony nowhere shows, but that the tenants for their own purposes subdivided the land and each cultivated his own piece (appellant well knows that such was the fact). The instructions given for plaintiff were substantially correct. They declare the law correctly. Appellant complains of plaintiffs' instructions 3 and 4. As to instruction 3 see Jones on Chat. Mort. [2 Ed.] pp. 50, 51, secs. 53, 54; *State ex rel. v. Cabanne*, 14 Mo. App. 294; *Bank v. Jennings*, 18 Mo. App. 651. Instruction number 4, given for plaintiff, is confessedly unscientific. But the idea it asserts is correct law. The statute gives a landlord a lien on crops for rent. As to all other claims, he stands only on an equal with the rest of the world. The statute gives him a prior lien. The tenants then create a lien by deed of trust or mortgage properly executed and recorded. The landlord takes possession for the purpose of enforcing his statutory lien. Now, the pith of this whole controversy is this: Appellant is here earnestly contending with this court, that, once getting possession as a landlord, he may then proceed to advance all his simple contract claims to priority over the lien created by the deed of trust and collect them. The court, we apprehend, will not entertain such an assumption by a landlord.

ROMBAUER, P. J., delivered the opinion of the court.

It is difficult to determine from the pleadings and evidence in this case, the theory of law upon which the cause was tried. The petition seems to indicate an

action of trover, but the evidence and the judgment of the court rendered thereon, an action for money had and received. Aside of these irregularities however, we are at a loss to see how the verdict and judgment can well be sustained under the uncontroverted evidence, and the law applicable thereto, on any theory.

In August, 1885, the defendant Strong made a lease to James Edelen, Alonzo Edelen and Norman Edelen jointly of a tract of land containing one hundred and forty acres more or less, for the period of one year, for a cash rent of eight hundred and forty dollars, payable on or before August 6, 1886, or upon sale of the crop, for which amount the lessees executed their joint and several promissory note. The lease contained a provision against assignment or underletting without consent of the lessor, and the following clause:

"It is further hereby agreed by the said parties of the second part (the lessees), that they will cultivate in wheat, all of said lands that are suitable for wheat, * * * that they will thresh the wheat grown as soon as it can be got ready to thresh, said wheat to be threshed upon said land, and thereupon said party of the first part, shall have and take possession and control of said wheat and shall ship the same to Cole Brothers Commission Company in St. Louis, Missouri, to be sold, and out of the proceeds thereof the freight and expenses attending the sale thereof, shall first be deducted and next the amount of said note for rent above described shall be paid, said Strong to be charged with so much of the freight to St. Louis, as is paid on the amount of wheat necessarily taken to pay said note, all the rest of the net proceeds of said wheat, and all of the crops raised upon said lands shall be the property of the parties of the second part."

It is however agreed that all the expenses of threshing and getting the said wheat to the Mississippi river shall be borne by said parties of the second part.

In December, 1885, Alonzo Edelen, one of the lessees, executed and delivered his promissory note for two hundred and ninety dollars for value to C. S. Lamothe and James R. Mudd, payable four months after date to their order, and executed a deed of trust to P. A. Edelen the plaintiff, as trustee for Mudd and Lamothe to secure the payment of said note, which deed purported to convey fifty acres of growing wheat situate and growing on the land of George P. Strong (the land above described), the said land being now cultivated by the grantor. This deed of trust was not recorded until April, 1886. The note secured thereby was a renewal of a former indebtedness, it was, prior to the institution of this suit, transferred to a bank in St. Charles for value, and was held by said bank at said date, being wholly unpaid.

All these facts appeared by plaintiff's own evidence. It further appeared by the uncontroverted evidence, that there was never any several letting by Strong to Alonzo Edelen of any part of the farm. That Strong had no notice constructive or otherwise of this mortgage prior to its recording. That prior to such recording he had entered into an additional arrangement with his tenants, by which he furnished them seed wheat and they all agreed that the cost of the said wheat should also be taken out of the proceeds of the wheat. In addition to this Alonzo Edelen agreed that the cost of a horse which Strong had sold to him might be thus taken out.

It further appeared that when the wheat was threshed it was shipped in the name of Strong, partly to Alton, Illinois, and partly to St. Louis, Missouri, and that after it was finally sold and disposed of there was an accounting between Alonzo Edelen and Strong, as well as between the other two lessees and Strong, upon which it appeared that a balance of forty-seven cents was due to Alonzo Edelen, and a balance of $152.17 to

the other two lessees, which Strong paid. Alonzo Edelen took about forty bags of the wheat and sold it himself. The settlements were had prior to the institution of this suit. It does not appear that either of the tenants claim that the settlements were not just and fair, and there is no pretense in the evidence, that either P. A. Edelen the trustee, or either of the beneficiaries ever notified Strong that they claimed any equitable lien on Alonzo Edelen's share of the net proceeds of the wheat prior to such settlements. It affirmatively appears that this suit was instituted without the trustee's knowledge and consent, and that at the date of its institution the usees did not hold the note, and had paid nothing on account thereof to the bank who was then the legal owner.

The petition in this case which purports to be filed by P. A. Edelen, states, "that Alonzo Edelen did by his deed of trust, grant, bargain, sell and convey to the plaintiff as trustee, for the benefit of the usees, fifty acres of wheat, growing on the lands of George P. Strong, and that George P. Strong in July, 1886, took possession of and sold the property hereinabove described, and has all the time refused to pay the plaintiffs, the legal owners of the said property, the money proceeds of the sale of the same said. (*sic*) property, but has wrongfully converted the same to his own use, and wrongfully withholds the same from plaintiff, in the sum and to the amount of three hundred dollars for which amount plaintiff prays judgment."

The answer was first a general denial. It then set up affirmatively that all the interest A. A. Edelen ever held in the lands of defendant was held by him under a lease made by the defendant to A. A. Edelen, James L. Edelen and Norman Edelen jointly, that neither of said lessees had power or authority, without defendant's consent to assign any part of said lease, and that such consent was never given. That a large part of the

wheat never came to defendant's hands, and of that part which came to his hands he disposed in conformity with the terms of the lease, accounted to his tenants for the proceeds, and paid the balance over to them, without previous notice of plaintiff's claim.

The defendant upon the trial objected to all the evidence, because the petition stated no cause of action. At the close of the evidence he demurred to it because it proved no cause of action under the pleadings. These objections were overruled. The plaintiff introduced evidence as above stated, and the court rendered judgment in his favor for $241.60, as would seem from the instructions given, upon a theory of stating the equities between the beneficiaries in the deed of trust, and the defendant.

The defendant moved for new trial and in arrest, and upon his motions being overruled, brings the case here by appeal.

The bare statement of the case suffices to indicate the only disposition that can be made of the judgment. It is evident that under the conceded facts, Alonzo Edelen had not as against the defendant, any such separate interest, in any specific part of the wheat sown, or in any particular part of the wheat harvested, as to subject it to the charge of a lien valid against the defendant. The defendant on the other hand had, under the conceded facts, the unquestioned right to ship and sell the wheat, accounting to his tenants for the net proceeds. How under these circumstances the shipping and selling of the wheat by the defendant could ever amount to a conversion, is inconceivable.

Nor is the plaintiff's case helped by the fact, that there was some evidence, which, other conditions being admitted, might possibly have entitled him to maintain an action for money had and received against Strong, as was done in *Glasgow v. Ridgley*, 11 Mo. 34, as such evidence was wholly irrelevant under the issues.

The statute provides (R. S., sec. 3702): "When the allegation of the cause of action, to which the proof is directed is unproved, not in some particular or particulars only, but in its entire scope of meaning, it shall not be deemed a case of variance but a failure of proof." A party cannot, even under the liberal provisions of our code, set up one cause of action in his petition, and upon the trial recover upon another and wholly different one. *Ensworth v. Barton*, 60 Mo. 511; *Clements v. Yeates*, 69 Mo. 623, 626 and cas. cit.

The judgment therefore must be reversed. As the conceded facts show that at the date or the institution of the suit, neither the plaintiff nor the beneficiary he represents had any cause of action against the defendant, the cause will not be remanded.

All the judges concurring, the judgment is reversed.