BOATMEN'S SAVING BANK, Respondent, v. JOHN P. McMENAMY, Administrator, Appellant.

**St. Louis Court of Appeals, March 19, 1889.**

1. **Practice, Appellate:** SAVING EXCEPTIONS. A motion to strike out part of an answer is no part of the record, and objections to the court's ruling thereon must be saved by exception taken at the time, and also by motion for a new trial and a bill of exceptions. If the ruling complained of be not objected to in the motion for a new trial, it will not be considered by the appellate court.

2. **Married Woman:** SEPARATE ESTATE. A promissory note executed by a married woman as a charge upon her separate estate creates no lien or charge, until the entry of a proper decree to that effect. Nor is any debt created by such a note, upon which her administrator can be sued, or which can be allowed against her general estate in the course of administration. If she die seized of realty so intended to be charged, her personal representative cannot, in any event, be a proper party to a proceeding which seeks to enforce the charge ; and a suit against him for that purpose will be dismissed, as not being founded on a sufficient cause of action.

*Appeal from the St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

REVERSED AND DISMISSED.

*Edward S. Robert* and *A. C. Church,* for the appellant.

The court should not have struck out the second defense in the answer. Every defense available against Bowman is good against the bank. The note of a married woman, with or without separate property, is not commercial paper. *Linderman v. Farquharson,* 101 N. Y. 434; *Loomis v. Ruck,* 56 N. Y. 462. An instrument to be negotiable must be given upon the credit of the maker's hand, "not confined to credit

upon any thing or fund." Story Prom. Notes, [12 Ed.] p.
36, sec. 25 ; Edwards' Bills and Notes, [3 Ed.] p. 124, sec.
124, ch. 3, and cases cited ; *McGee v. Larimore,* 50
Mo. 425 ; *Williams v. Bennett,* 2 Campb. 418; *Brill v.
Tuttle,* 81 N. Y. 454; *Gillespie v. Mather,* 10 Pa. St.
28 ; *Waddington v. Covert,* 51 Miss. 631 ; *Averett's
Adm'r v. Booker,* 15 Gratt. 165 ; *Harriman v. Sanborn,*
43 N. H. 128; *Cota v. Buck,* 7 Metcalf R. 588 ; *Carlos v.
Fancourt,* 5 Durnford and East, 482.    The obligation
of a married woman having  separate estate "is an
anomalous obligation ; it neither binds her nor her estate,
general or separate," but only constitutes " a founda-
tion for a proceeding in equity." *Davis v. Smith,* 75
Mo.  219 ; *Klenke v. Koeltze,* 75 Mo 239 ; *Hootin v.
Ransom,* 6 Mo. App. 19.    The cause of action set up in
the petition did not accrue until  June 8, 1887, a month
after this suit was instituted.    The bill should have been
dismissed.    *Simmons v. Carrier,* 68 Mo. 421 ; *Brown v.
Shock,* 27 Mo. App. 351, and cases cited ; *Fur Co. v.
Wallace,* 21 Mo. App. 131 ; *State ex rel. v. Griffith,* 63
Mo. 548 ; *Bateson v. Clark,* 37 Mo. 31.

*A. M. Gardner,* for the respondent.

The part of defendant's answer stricken out by the
court contained no defense to plaintiff's cause of action,
and was properly stricken out.    The contracts of a
married woman in this state as to her separate estate are
not limited or prescribed as to form ; she acts to all
intents and purposes as a *feme sole* and is bound by the
same as a man or *feme sole* would be.    *Morrison v.
Thistle,* 67 Mo. 596 ; *Ewing v. Clark,* 76 Mo. 545 ;
*Hodges v. Black,* 76 Mo. 537 ; *Horton v. Bayne,* 52 Mo.
531 ; *Shirts v. Overjohn,* 60 Mo. 305 ; *Cannon v. Moore,*
17 Mo. App. 62 ; *Henshaw v. Dalton,* 59 Mo. 139 ;
*Corby's Ex'r v. Butler,* 55 Mo. 378; *Hagerman v.
Sutton,* 91 Mo. 519.    The note, although expressed to be
made "with the intent to charge her separate estate,"

was not drawn upon or confined in its payment to any special fund or credit, but the whole of the estate was chargeable the same as it would be for any other obliga-. tion—or the same as the whole estate of a man or *feme sole* would be for their obligation. *Loomis v. Buck*, 14 Abbott Pr. N. Y. [N. S.] 385; *Bruning v. Macklin*, 12 Allen, 454. The cause of action accrued long prior to the commencement of the action, and the defendant was a proper and necessary party, and under the amended petition upon which the case was tried the only proper and necessary party. *Bobb v. Bobb*, 89 Mo. 411; *Tichnor v. Voorhis*, 46 Mo. 110; *Harrington v. Menor*, 80 Mo. 270; *Gaines v. Fender*, 82 Mo. 497; *Sensenderfer v. Kemp*, 83 Mo. 581; *Harkness v. Julian*, 53 Mo. 238; *Lothman v. Barnett*, 62 Mo. 159; *Acock v. Acock*, 57 Mo. 154; *Griffin v. Regan*, 79 Mo. 73; *Kerr v. Ball*, 44 Mo. 120. The judgment is correct, it directs the payment to be made out of the proceeds of the property described in the petition. It is the province of the probate court to classify and direct how payment shall be made ratably or otherwise whenever it appears there are other claims or other property of which neither the court below nor this court had, or have, any evidence.

ROMBAUER, P. J., delivered the opinion of the court.

On June 1, 1885, Ann Jones, the defendant's decedent, being possessed of certain real estate in St. Louis, made and delivered conjointly with her husband, John Jones, to one Frank J. Bowman, the following promissory note :

"$1000.00.            ST. LOUIS, Mo., June 1, 1885.

"Six months after date, we promise to pay to the order of Frank J. Bowman, one thousand dollars at Boatmens' Savings Bank, St. Louis, Mo., value received, with interest from date at the rate of six per cent. per annum.                           JOHN JONES,

"With intent to charge my separate estate.
                                         "ANN JONES."

This note was transferred to plaintiffs, for value before maturity, by the endorsement of the payee thereon, and without notice of the cotemporaneous written agreement on part of Bowman, hereinafter referred to.

On December 17, 1885, Ann Jones died, and the defendant was appointed, and qualified as her administrator. At the date of her death, she still owned certain real estate in the city of St. Louis as her separate estate, and the plaintiff on March 7, 1887, instituted the present action against her administrator, seeking to subject such real estate to the payment of this note.

In June, 1887, the plaintiff filed its amended petition herein, in which it averred the execution of the note sued on by Ann Jones, and her intention to charge her separate estate therewith, and that plaintiff was the holder of said note for value before maturity. The petition then proceeds to state that Ann Jones died December 17, 1885, seized of certain property as her separate estate and that the defendant was appointed and qualified as her administrator. That on or about June 8, 1887, said real estate was sold under a decree of court foreclosing a mortgage made by said Ann Jones, such decree providing that the proceeds of the sale, after deducting the mortgage debt and interest, and the value of the curtesy estate of John Jones, should be paid to the defendant as her administrator, to be held by him subject to the provisions of her will, and of claims of other parties against her estate.

The administrator filed no demurrer to this petition, but answered admitting the execution of the instrument sued on by Ann Jones, as well as the fact that she was at the date of its execution, and at the date of her death, seized as of her separate estate of the property sought to be charged in the plaintiff's petition. Other allegations of the petition, the answer denied.

The answer, as an affirmative defense, set up the cotemporaneous execution of a written agreement by Bowman, the payee of the note, being the agreement above referred to. This agreement, which is set out in full in the answer, states that the note was executed and delivered upon the sole consideration of certain legal services to be performed by Bowman in behalf of Ann Jones, which the said Bowman wholly failed to perform. That part of the answer, setting up this affirmative defense, was stricken out on plaintiff's motion, the defendant excepting. The defendant prop erly saved his exception by bill of exceptions, but did not in any way call the attention of the court to the error complained of, in his motion for new trial.

Upon the trial, the facts, as stated in plaintiff's amended petition, were substantiated by the evidence. The court thereupon found the issues in favor of the plaintiff, and ordered, adjudged and decreed that the plaintiff recover the amount of the debt and costs out of the proceeds of the real estate mentioned in the petition, now in the hands of the defendant as her administrator.

From this judgment the defendant appeals, assigning for error that the court erred in striking out his affirmative defense. That the amended petition states no cause of action against the administrator, and that the judgment entry is irregular, and legally unwarranted by the facts disclosed.

The main argument of counsel before us is directed to the first error assigned, and the point has been pressed upon our attention with earnestness and learning. Owing to the state of the record, we must conclude that the point is not before us for review at all.

We have had occasion to call attention of counsel frequently to the fact, that before we can review the action of the trial court on any subject, which is matter of exception as distinguished from matter of error, it

must appear that the attention of the trial court was called thereto in the motion for new trial. A motion to strike out part of a pleading is not part of the record, and the court's ruling on such motion must be excepted to, and the exception preserved, both in the motion for new trial and by bill of exceptions, and unless done by both the exception is lost. *Cowen v. Railroad*, 48 Mo. 556; *Sexton v. Allen*, 49 Mo. 417; *Margrave v. Ausmuss*, 51 Mo. 568; *Carver v. Thornhill*, 53 Mo. 283; *Curtis v. Curtis*, 54 Mo. 352; *Lancaster v. Ins. Co.*, 62 Mo. 121.

In *McCoy v. Farmer*, 65 Mo. 247, Judge NORTON says: "We will not consider the action of the court in overruling defendant's motion to dismiss the suit, nor its action in reviving the suit and permitting plaintiffs to prosecute the same, neither of these causes being incorporated in the motion for new trial. It was due to the court below, that its attention should have been thus called to all the matters complained of, and which would be relied on as a ground for reversal." In *Acock v. Acock*, 57 Mo. 156, a case directly in point, Judge WAGNER says: "The action of the court in striking out parts of the plaintiff's petition, we will not review, it was not embodied as one of the errors in, or points insisted upon in the motion for a new trial, and therefore *must be disregarded*."

The next assignment of error is that the petition fails to state a cause of action against the defendant. This assignment arises upon the record proper, and if tenable must result in the reversal of the judgment, since the objection that the petition fails to state a cause of action is never waived. *Bateson v. Clark*, 37 Mo. 31; *State v. Griffith*, 63 Mo. 548; *Staley House Furnishing Co. v. Wallace*, 21 Mo. App. 128. The original petition is not before us, but it appears by the record that it was filed May 17, 1887, and after the death of Ann Jones, and after the date the defendant

was appointed and had qualified as her administrator, but before the date that any funds, proceeds of this real estate had come into his hands.

The note of a married woman possessed of separate estate is a contract *sui generis*, and is thus defined by the supreme court in *Davis v. Smith*, 75 Mo. 224 :

"As to the precise nature of the obligation of a *feme covert* who had a separate estate when it was incurred, the authorities are not agreed, but are in inextricable confusion. It is well settled in this state that if she execute a note and nothing to the contrary is expressed, the creditor may, by a proceeding in equity, have it satisfied out of her separate property. *Whitesides v. Cannon*, 23 Mo. 457. But it is not a lien, or, strictly speaking, a charge upon the property, nor does it bind her personally. All that can be said of it is, that it is an anomalous obligation, neither binding her, nor her estate, general or separate, but only constituting a foundation for a proceeding in equity, by which her separate property may be subjected to its payment, and until a decree to that effect be rendered it is neither a lien nor a charge upon the estate. If she own, in addition to her separate property, other property, in which she has no separate estate, even where a court of equity enforces payment of the obligation out of the separate estate, it will not for any deficiency of the separate estate allow a resort to her other property."

It was held in *King et al. v. Mittalberger*, 50 Mo. 185, that where a married woman possessed of separate estate incurs an obligation, which is a charge upon her separate estate an action at law may be maintained against her, on such obligation after she becomes discovert, the judgment (if we correctly understand that case), to be satisfied out of her former separate estate if still in existence. This ruling was followed in *Hooton v. Ransom*, 6 Mo. App. 19, and *Staley v. Howard*, 7 Mo. App. 380, but all these cases were

expressly overruled in *Davis v. Smith, supra,* which is the last controlling decision of the supreme court.

A married woman who, possessed of a separate estate, creates a charge upon it, and then dies, leaves, according to the express ruling in *Davis v. Smith,* no debt, on which her personal representative could be sued, or which can be allowed against her general estate in course of administration in the probate court. As the court there said, "The right of the plaintiff to satisfaction out of her separate property is a creation of equity, recognized nowhere else and enforceable nowhere else." In that case the married woman, who had created such a charge, died during the pendency of a suit, seeking its enforcement, and her heirs-at-law were made parties defendant. Upon the trial of the cause the defendant had judgment which was reversed in the supreme court, Judges SHERWOOD and NORTON dissenting, but the grounds of their dissent do not appear.

If we understand the points decided in that case correctly, the personal representative of a married woman is, in the nature of things, not a proper party defendant, in any case where such married woman dies seized of the realty which is sought to be charged with her obligations. The plaintiff has no personal cause of action against her, which can survive against her representative. His cause of action is against the property alone. We will not say that if, at the date of the institution of this suit, the realty, constituting the separate estate of Ann Jones, had come into the possession of the defendant, he would not have been a proper party defendant, but we are inclined to hold that even in that case he would have been a proper party defendant, not because he happened to be her administrator, but because he was in possession and control of the fund which was sought to be charged.

If this case were as last above stated, then the non-joinder of the devisees of Ann Jones would be simply a

defect of parties defendant, of which the defendant was bound to take advantage by demurrer or answer, and which by filing a general denial, he is presumed to have waived under the statute. But as under the view we take the defendant was neither a necessary nor a proper party defendant to the suit at the date of its institution, and as the plaintiff had no cause of action whatever against him at said date, he could acquire none by matters subsequently transpiring, and hence the petition states no cause of action against him.

The plaintiff must state in his petition a cause of action subsisting at the date of the institution of the suit. *Mason v. Barnard*, 36 Mo. 391; *Brown v. Shock*, 27 Mo. App. 355. As the plaintiff's amended petition affirmatively shows that at the date of the institution of the suit it had no cause of action against the sole defendant in the case, it could acquire none by amendment. It results that the judgment must be reversed, and as the conceded defect cannot be remedied by an amendment, no reason exists for remanding the cause. *Tobin v. McCann*, 17 Mo. App. 481; *Edelen v. Strong*, 34 Mo. App. 287, decided at the present term.

All the judges concurring, the judgment is reversed, and the case dismissed.