OLIVER M. TOWLES, Appellant, v. CORNELIA OWSLEY
AND HENRY DEHNER, Respondents.

#### St. Louis Court of Appeals, April 21, 1891.

Husband and Wife: LIABILITY FOR NECESSARIES. A wife is not
personally responsible for a debt contracted by her husband for
necessaries for herself and family ; nor can the rents of her realty
accruing after the husband's death be subjected to the payment
of such indebtedness.

*Appeal from the Lewis Circuit Court.*—HON. BEN. E.
TURNER, Judge.

AFFIRMED.

*John C. Anderson*, for appellant.

*George Ellison*, for respondents.

BIGGS, J.—The defendant Cornelia Owsley is the
widow of Walter W. Owsley. During her marriage, and
since, she has been the owner in her own right of certain
real estate in Lewis county. Her husband died on the
thirtieth day of December, 1888. On the first day of
March, 1890, she leased the property to her codefendant,
Henry Dehner, for one year at a rental of $500, for which
he gave his notes. On the sixteenth day of July, 1890,
this suit was begun in the circuit court to recover a
judgment against Mrs. Owsley for a balance claimed to
be due the plaintiff for goods sold to her husband
between the tenth day of May, 1886, and the twelfth
day of July, 1887. On the plaintiff's application a tem-
porary injunction was granted, restraining the defend-
ant Dehner from paying the notes until the cause could
be heard.

The liability of Mrs. Owsley for the debt thus con-
tracted by the husband, and the right to sequester the

present rents of her real estate in satisfaction of the claim, are based upon the following averments in the petition: "Plaintiff further states that the goods, so sold and delivered to the said Walter W. Owsley by plaintiff, were necessaries for the wife and family of the said Walter W. Owsley, to-wit, the wife, defendant Cornelia Owsley, and his children, Susan and George, then living with the said Walter W. Owsley and his wife, the said Cornelia, on her lands; and so plaintiff says that the debt aforesaid, so due plaintiff as aforesaid and so contracted by the said Walter W. Owsley with plaintiff, was for necessaries for the wife and family of the said Walter W. Owsley, and the goods, so sold by plaintiff to the said Walter as aforesaid, were used and consumed in and by his said family." The petition prayed for judgment against Mrs. Owsley, and for its satisfaction out of the rents and products of her land.

The court sustained a demurrer to the petition, and, the plaintiff refusing to amend, the court dissolved the temporary injunction and dismissed the plaintiff's case.

We understand the plaintiff's counsel to contend that Mrs. Owsley is personally liable for the payment of this debt, and that the plaintiff is entitled to an ordinary judgment at law against her therefor. We cannot conceive upon what principle this contention can be maintained. The goods were bought by and charged to the husband, and, even if they *were necessaries*, it was his duty under the law to furnish them. The debt, thus incurred by him, could not become the debt of his wife, merely because the articles purchased were used in support of the family. Besides this, Mrs. Owsley, during coverture, could not contract a debt which a court of law would recognize as an obligation, nor could a court of law enforce any such undertaking after she became discovert. *Bank v. McMenamy*, 35 Mo. App. 198; *Davis v. Smith*, 75 Mo. 219.

It is next insisted that, under section 6868 of the Revised Statutes of 1889, the plaintiff has the right to subject the present rents and products of Mrs. Owsley's farm to the satisfaction of his debt. That portion of the section applicable to the case reads: "The rents, issues and products of the real estate of any married woman, etc., shall, *during coverture*, be exempt from attachment or levy of execution for the sole debts of her husband; and no conveyance, made *during coverture* by such husband of such rents, issues and products, shall be valid, unless the same be by deed, etc.; provided, such *annual products* may be attached or levied upon for any debt or liability of her husband created for necessaries for the wife and family," etc. The italics are our own.

When we consider the law, as it stood prior to the enactment of this section of the statute, in respect of the rights of a husband to the annual products of his wife's ordinary estate, and the rights of his creditors in reference thereto, the object of the legislature in enacting such a law is quite apparent. At common law the right of the husband to the rents and products of his wife's lands was absolute during coverture. His right to dispose of them was free and unfettered, and they were liable to be seized and sold under execution to satisfy *any* of his debts. The legislature, by the enactment of this statute, intended to and did greatly curtail, modify and abridge this marital right of disposal by the husband, and the statute also took away the right of levy by his creditors, except in case where the debt had been contracted for necessaries used by the wife and family. As to such debts the general law remained unchanged. Therefore, we must dispose of the question presented by this record upon the authority of the common law, because it lies outside of the statute, and is in no way affected by it.

If the debt due from the defendant Dehner was for rent, which had accrued during the lifetime of Owsley,

it seems to us that the plaintiff's right to subject it to the payment of his debt might be sustained, because as to him such rent would belong to the deceased, and in equity ought to be applied to the discharge of the plaintiff's debt. But we have a very different case here. The rent sought to be sequestered in this action was for the year 1890, whereas Owsley died in December, 1888. Now, if there is no individual liability resting on Mrs. Owsley, how can her money be taken to satisfy the individual debt of her husband? For it must certainly be admitted that her husband's interest in the products of her land ceased with his death. Hence we are at a loss to know how the plaintiff can expect satisfaction of his debt out of money, which, under the common law, clearly belongs to Mrs. Owsley.

We conclude that the judgment of the circuit court was right and it must be affirmed. All the judges concur.