FREASIER et al., Respondents, v. HARRISON et al., Defendants; DARLINGTON et al., Appellants.

St. Louis Court of Appeals, April 6, 1909.

1. AMENDMENTS: Discretion of Court: Appellate Practice. A decision of a trial court cannot be reversed on account of its refusal to permit an amendment, unless it appears that, with such amendment, the decision might have been the other way without prejudice to the substantial rights of the parties.

2. ———: ———: Same Defense Pleaded. In an action on a builder's bond, where the bondsmen, defendants, answered alleging payments were made long after the time provided in the contract, setting out the amounts paid, the refusal of the trial court to permit an amendment alleging the payments were made in different amounts and at different times from those specified in the contract, was not an abuse of discretion, such amendment did not enlarge the defense first pleaded.

Appeal from St. Louis City Circuit Court.—*Hon. Robert M. Foster* and *Hon. Virgil Rule,* Judges.

AFFIRMED.

*Wm. L. Bohnenkamp* and *Wm. S. Campbell* for appellants.

The motion of appellants to amend their answer by interlineation to correspond to the proof should have been allowed. A pleading may be amended to conform to the evidence after the close of the evidence. R. S. 1899, sec. 657; Baltis v. Friend, 90 Mo. App. 408; Dorsey v. Railroad, 83 Mo. App. 528; Howard v. Shirley & Hawkins, 75 Mo. App. 150; Insurance Co. v. Smith, 117 Mo. 297. Amendments of pleadings with a view to make them conform to the facts in proof should be liberally allowed in furtherance of justice where they cannot operate as a surprise. Stephens v. Frampton, 29 Mo. 263.

*Thos. H. Sprinkle* for respondents.

It is discretionary with the court in allowing amendments to pleadings, and appellate courts will not interfere unless it appears that discretion has been abused. Timber Co. v. Cooperage Co., 112 Mo. 383; Carr v. Moss, 87 Mo. 447; Gilmore v. Dawson, 64 Mo. 311; Wilkerson v. Sampson, 56 Mo. App. 276. The finding of a referee on the issues of fact is regarded in the nature of a special verdict, and whenever there is evidence of a substantial character to support the finding of a referee confirmed by the circuit court, such finding is not subject to review on appeal. Meyer v. Schmidt, 109 S. W. 833; Berthold v. O'Hara, 121 Mo. 88; Dempsey v. Schawacker, 140 Mo. 688; Feeney v. Chapman, 89 Mo. App. 371; Leavel v. Porter, 52 Mo. App. 632.

GOODE, J.—Defendants Darlington and Hoffman were sureties for Harrison on a bond executed by the latter to secure the performance of a contract to erect for plaintiffs a double two-story flat building in the city of St. Louis, complete the job by January 15, 1903, and protect plaintiffs from demands and liens of laborers and materialmen. Plaintiffs allege they were damaged

by Harrison's failure to erect the building in a skilful
and workmanlike manner in some particulars, complete
it in the agreed time and turn it over to them free from
liens.  Harrison was a codefendant, but as he is no party
to the appeal, which was taken only by the sureties, we
are not concerned with his answer.  The sureties ad-
mitted the execution of the bond, but alleged plaintiffs
failed to comply on their part, setting out certain
breaches, none of which are important, except supposed
deviations from the contract in paying installments of
the purchase price.  As a point of practice is raised in
respect of the refusal of the court to permit an amend-
ment of the portion of the answer which related to the
payments, we will copy that part, introducing into it the
proposed interlineations and indicating them by italics.

"Defendants state that plaintiffs failed to make the
payments according to the terms of said contract, in that
plaintiffs failed on each house to make the payments at
the period *and in the amounts* specified in said contract;
that when the first floor joists were laid a payment of
eight hundred dollars ($800) was due, but that payment
was not made until long after it was due; that when the
second floor joists were laid $1,100 was due, but was not
paid until long after due; that the payment of $1,100
which was due when the gravel roof was on was not
paid when due, but withheld for a long time thereafter;
that $900 was due when the building was ready for plas-
tering, and that this amount was not paid until long af-
ter due; that $1,250 was due when the plastering was
finished, and that plaintiffs delayed payment of this
amount on each building; *that all the payments made by
plaintiffs were in different amounts and made at differ-
ent period from that specified in the contract;* that when
each building was completed a payment of $2,800 was
due, which plaintiffs refused to pay and have never made
payment to defendants Harrison; that defendants Dar-
lington and Hoffman were not notified of these changes
of the time of payment, and did not consent or agree to

the delay upon the part of plaintiffs in making payment according to the contract, as the work progressed."

The case was referred to a referee to report on all the issues of law and fact, and after his report had been filed, exceptions taken and when the argument on the exceptions was to occur, defendants requested leave to amend their answer by interlining the *italicised words*, and the court refused the request. The amendment was asked for because, as originally filed, the answer made defense as to this matter solely on the ground that the intermediate installments of the contract price were not paid until after they were due and the final one never was paid. The evidence regarding when the several payments occurred was contradictory, plaintiff Joseph Freasier testifying they were made slightly in advance of their maturity, and Harrison that they were delayed in every instance. The finding of the referee was as follows on this issue:

"The plaintiffs made the payment to the defendant Harrison as the work progressed, substantially at the times and in the manner called for in the contract, except the last payment, which was withheld. The first and second payments on the west building were made under peculiar circumstances. The first payment was to be made under the contract, when the first floor joists were laid, and the second payment was to be made when the second floor joists were laid. The stone masons on the buildings failed to put in the center row of posts or pillars, upon which the first floor joists were to be supported, and the joists, for this reason, were put in without any supports. The plaintiffs claim, for this reason that the first payment was made before it was due—that the joists were not properly laid until the girder was under them. For the same reason plaintiffs contend that the second payment was made ahead of time.

"The payments by plaintiffs were usually a little more than the contract called for at the time they were

made. At times these payments would amount to a few hundred dollars more than was due, according to plaintiffs' contention; but according to the contentions of the defendants, plaintiffs were always behind in their payments.

"Defendants, in their brief, especially the defendants Darlington and Hoffman, contend these advance payments by plaintiffs avoided the bond, but there is no issue of that character made by the pleadings. Said defendants, in their answer, make complaint that the plaintiffs failed to make the payments as they became due. No charge is made in the pleadings that they made the payments in advance without the consent of the sureties on the bond. No disadvantage arose from the act of plaintiffs in making these payments in the manner they were made, nor were the defendants, Harrison, Darlington, and Hoffman injured or prejudiced in any manner thereby."

The referee having found the payments were usually a little more than the contract called for at the time they were made, and having ruled defendants had averred nothing in their answer about plaintiffs having paid before the installments were due, and without the consent of the sureties, but on the contrary had averred plaintiffs failed to pay as the installments became due, defendants sought to amend so as to adapt the answer to the referee's finding that the payments were made in advance instead of in arrear, and yet retain the original defense of default by plaintiffs; contending either deviation from the contract would exonerate them from liability as sureties. The only question it is necessary to determine is whether the refusal to allow the amendment is reversible error. At this stage of the case the court, in its discretion might or might not permit the answer to be amended, and its decision cannot be reversed unless, under all the circumstances, it allowed plaintiffs to succeed on a technical point which might have been determined against them without prejudice to their sub-

stantial rights and in aid of the justice of the cause. [Henderson v. Henderson, 55 Mo. 534; Ensworth v. Barton, 67 Mo. 622; Joyce v. Growney, 154 Mo. 253.] It is manifest there was no abuse of discretion in the present instance, for this reason if for no other; as the answer would read if amended, it set up no other defense regarding the payments except that they were made after due. It is true the italicised language says they were made in different amounts and at different periods from these specified in the contract; but as this language was interlined among specific averments that each payment was made after due, the effect is to state a defense based on plaintiffs' failure to pay the successive installments when they were due—the defense first pleaded.

The judgment in favor of plaintiffs was according to the report of the referee in every respect except a trifling item, and as it cannot be assailed unless the amendment should have been permitted, we order it affirmed. *Nortoni, J.,* concurs, *Reynolds, P. J.,* not sitting.